**C. Ritchie BRUMFIELD, etc.**

**v.**

**Wendell P. SHELTON, et al.**

**Civ. A. No. 87–4180.**

United States District Court,
E.D. Louisiana.

Dec. 11, 1989.

Julie E. Schwartz, Liskow & Lewis, New Orleans, La., for plaintiff.

Marianne S. Pensa, Galloway, Johnson, Tompkins & Burr, New Orleans, La., for CNA Ins. Co. and American Cas. Co.

Barbara P. Flannagan, Wright, Robinson, McCammon, Osthimer & Tatum, Richmond, Va., for American Cas. Co. of Reading, Pa.

Wendell P. Shelton, Lake Park, Fla., pro se.

## ORDER AND REASONS

MENTZ, District Judge.

There are three motions pending before the Court in this matter. First, is the plaintiff trustee's motion for partial summary judgment on the issue of liability against the ESOP's administrative committee, Shelton, Tulbos, Steles, and McKinzie, and their insurer, American Casualty Company of Reading, Pennsylvania. Second, is the motion of defendant, Wendell P. Shelton to stay proceedings. Finally, there is the motion of American Casualty to continue the trial and pre-trial, with particular reference to Shelton's motion to stay.

After reviewing the motions, memoranda of counsel, exhibits, the record, and the law, the Court denies the motion for partial summary judgment, grants the motion to stay proceedings, and denies the motion to continue for the reasons set forth below.

### Facts

This action arises from the purchase, by Sun Belt Federal Bank Employee Stock Ownership Plan (ESOP), of 17,704 shares of Sun Belt stock at a price of $45 per share on or about September 4, 1984. Plaintiff, John P. Arms, the current Trustee for the ESOP, alleges that the price of $45 per share constituted more than "adequate consideration" as defined in the Employment Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. Section 1002(18) (1982). Plaintiff further asserts that Wendell P. Shelton, the former Trustee of the ESOP, and Larry A. Tullos, Cathy Steles and Marcia McLain McKinzie, former members of the Administrative Committee of the ESOP, breached their fiduciary duties under ERISA in connection with the Stock Purchase Transaction by failing to conduct a prudent investigation of the fair market value of Sun Belt stock, and are therefore liable for consequent losses by the ESOP pursuant to 29 U.S.C. Section 1109 (1982). Plaintiff also names American Casualty as a defendant, alleging that American Casualty's Employee Pension Welfare Benefit Plan Fiduciary Liability Policy provides coverage for liability arising from the Stock Purchase Transaction.

### The Motion for Partial Summary Judgment

■ The plaintiff, John P. Arms, was only recently appointed as Trustee of the ESOP trust. He contends in his affidavit that the ESOP documents establish the liability of the four members of the administrative committee. Plaintiff also contends that the testimony of two of the administrative committee members is an admission of liability. This is so, according to the plaintiff, because of the lack of knowledge claimed by those two members of whether a prudent investigation of the value of stock actually took place. However, the Court finds that there is a significant issue of material fact in this instance with respect to (1) whether Mr. Arms' testimony is based on personal knowledge, since the documents have not been authenticated and Mr. Arms was not a signatory to those documents, and (2) whether Tullos, Steles, and McKenzie can be liable as fiduciaries if they had no discretionary authority over the trust funds. Section 20 of the Plan is particularly relevant:

The Administrative Committee shall have sole responsibility for the administration of this Plan. *The Trustee shall have the sole responsibility for the administration of the Trust and the management and investments of the assets held under the Trust ....* Furthermore, each fiduciary may rely upon any such direction, information or action of another fiduciary as being proper under this Plan or the Trust and is not required under this Plan or the Trust to inquire into the propriety of any such direction, information or action.

29 U.S.C. § 1002(21)(A) defines "fiduciary" under an ERISA plan. The statute provides that:

"a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan...."

Given the fact that under the plan it appears Shelton had complete and sole discretionary authority over the trust funds, the other defendants have raised a significant issue regarding whether they can be considered fiduciaries as defined under the statute. And, being *named* members of the administrative committee or performing ministerial functions for the ESOP plan is not enough. *See* 29 C.F.R. 2509.75–8 (1988).

Furthermore, with respect to Shelton, the central question is whether a prudent investigation was undertaken in order to determine the proper value of the Sun Belt stock so that the ESOP did not pay more than the fair market value. 29 U.S.C. §§ 1002(18)(B), 1104(a)(1)(B). *Donovan v. Cunningham*, 716 F.2d 1455, 1467 (5th Cir. 1983), *cert. denied*, 467 U.S. 1251, 104 S.Ct. 3533, 82 L.Ed.2d 839 (1984). There have been several appraisals of the stock, but regardless of currently available evidence, summary judgment on the issue of liability would be premature because the pivotal defendant, Shelton, has not yet been deposed. Additionally, any efforts to discover from Shelton whether he undertook a prudent investigation will be impeded, in all likelihood, because Shelton has indicated that he intends to invoke his privilege not to incriminate himself. Shelton is currently a "target" of a grand jury investigation involving potential criminal activity with respect to the Sun Belt stock transaction.

*The Motion to Stay Proceedings*

As previously noted, Shelton is a target of a grand jury investigation taking place in the Western District of Louisiana. The purchase of Sun Belt stock at issue in this case is the same purchase involved in the grand jury investigation. The grand jury is investigating whether a $590,000 loan by the Bank of Dixie to Shelton, as Trustee of the ESOP, to purchase the Sun Belt stock, was collateralized with Sun Belt stock that had been overvalued.

Since the facts at issue in both the present suit and the criminal investigation are the same, a stay of these proceedings is appropriate. Shelton has already indicated an intention to invoke his fifth amendment privilege pending the outcome of the criminal investigation. Shelton has also indicated, through affidavit of his counsel, that an indictment is imminent (affidavit of Roberto Martinez at p. 2).

In a case where there is a real and appreciable risk of self-incrimination, an appropriate remedy would be a protective order postponing civil discovery until termination of the criminal action. *United States v. Kordel*, 397 U.S. 1, 8–9, 90 S.Ct. 763, 767–68, 25 L.Ed.2d 1 (1970). When the criminal investigation or prosecution parallels the ongoing civil action, the Fifth Circuit, using a balancing approach, has determined the appropriate remedy is a stay of discovery that might expose the party to a risk of self-incrimination. *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084 (5th Cir.1979), *reh'g denied*, 611 F.2d 1026, 1027 (5th Cir.1980).

It is apparent from the foregoing that Shelton is subject to a real risk of self-incrimination, since the exact same issues are involved in both matters. Certainly he will not want to risk waiving his fifth amendment privilege. The problem for this Court is determining the scope of the stay. Shelton appears to be the focal point of both the civil and criminal matters. And, since the issues in both are exactly the same, with respect to Shelton, a stay of discovery as to Shelton effectively stays the entire civil proceeding. With that in mind, the

Court will fashion a stay that adheres to the requirements of *Wehling,* and balances the interests of all parties.

### The Motion to Continue

Because the Court is staying the civil proceeding, the motion to continue is moot.

Accordingly,

IT IS ORDERED that:

(1) The plaintiff's motion for partial summary judgment on the issue of liability is DENIED.

(2) This case is STAYED pending resolution of the related criminal matter against Shelton, or until the appropriate limitations period has run, whichever is earlier.

(3) This case shall be CLOSED for statistical purposes, to be re-opened by motion of a party for any of the following reasons:

   a) the related criminal matter against Shelton is resolved;

   b) the appropriate limitations period expires;

   c) to conduct discovery not privileged, or reasonably expected not to be privileged; or

   d) by the plaintiff, if the plaintiff decides to proceed to trial without benefit of full discovery of Shelton.

(4) The pre-trial conference currently set for January 10, 1990, and the trial set for January 22, 1990 are CANCELLED, to be reset upon re-opening of the case.

(5) The motion to continue by American Casualty is DENIED AS MOOT.

(6) The hearing set in this matter for Wednesday, December 6, 1989 at 10:00 a.m. is CANCELLED.