**UNITED STATES of America,**

v.

**ONE 1990 PORSCHE CARRERA, VIN WOPAB296LS451080.**

**Civ. No. Y–92–2016.**

United States District Court, D. Maryland.

Dec. 1, 1992.

---

Richard D. Bennett, U.S. Atty., D. Md., and Richard C. Kay, Asst. U.S. Atty., Baltimore, MD, for plaintiff.

David B. Smith, Alexandria, VA, for claimant.

## MEMORANDUM

JOSEPH H. YOUNG, Senior District Judge.

On January 23, 1990, Claimant Omuruyi obtained an $18,000 loan from Citizens Bank of Washington, D.C. (Bank), after admittedly making false statements related to his employment history on the loan application in violation of 18 U.S.C.A. § 1014.

Upon receiving the loan, Claimant gave the proceeds to a car dealership as part payment on a 1990 Porsche, which cost $73,500. The next day, Claimant admitted to making the false statements, and com-plied with the Bank's demand for immediate and full repayment of the loan. The Government argued that Claimant's repayment was a disputed fact, because no evidence of repayment had been offered. However, Claimant later submitted an affidavit from a Vice President of the Bank, stating that the loan had been repaid on January 25, 1990. Thus, the Bank effectively loaned Claimant $18,000 for two days.

The Government seized Claimant's car on January 8, 1992, and instituted forfeiture proceedings on July 20, 1992, claiming violations of 18 U.S.C.A. §§ 1014 and 1957. Omuruyi filed a claim for return of the Porsche on September 28, 1992.

## DISCUSSION

I. *Judgment on the Pleadings*

Claimant has moved for judgment on the pleadings. Federal Rule of Civil Procedure 12(c) provides for judgment on the pleadings:

[a]fter the pleadings are closed but within such time as not to delay the trial. . . . If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Since Claimant submitted an affidavit establishing repayment of the bank loan, the Motion is properly treated as one for Summary Judgment. Such judgment may only be granted in the absence of a dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

A. Proceeds of a § 1014 Violation

■ The Government seeks forfeiture of Claimant's car under 18 U.S.C.A. § 981(a)(1)(C), which provides for forfeiture of any property which "constitutes or is derived from proceeds traceable to a violation of . . . [18 U.S.C.A. § 1014] . . . affect-

ing a financial institution." Claimant's violation of § 1014 is not contested, but "proceeds" is not defined in the statute. The Government claims that Omuruyi's Porsche constitutes the proceeds of Claimant's violation of § 1014: a false statement to a bank to obtain an $18,000 loan.

Claimant contends that "proceeds" is a more narrow term, reaching only the ill-gotten gains or profits from such a violation. Claimant cites § 981(e)(4), which authorizes the Attorney General to transfer the "proceeds" of a § 1014 violation back to the swindled bank as restitution or compensation. Since no restitution or compensation is owed the Bank, argues Claimant, the Porsche does not constitute proceeds of the § 1014 violation. Moreover, the forfeiture of "proceeds" in the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1963(a)(3), entails relinquishing gross profits from racketeering activity. *United States v. Lizza Industries, Inc.,* 775 F.2d 492, 498 (2d Cir.1985), *cert. denied,* 475 U.S. 1082, 106 S.Ct. 1459, 89 L.Ed.2d 716 (1986). Since RICO is punitive in nature, its definition of "proceeds" should be more draconian than "proceeds" in the civil forfeiture setting.

Assuming the $18,000 loan does constitute forfeitable "proceeds", the Government is not entitled to the value of the car. In *United States v. Pole No. 3172, Hopkinton,* 852 F.2d 636, 639 (1st Cir.1988), the court stated, "We do not believe, however, that forfeitability spreads like a disease from one infected mortgage payment to the entire interest in the property acquired prior to the payment."; *See also, United States v. One 1980 Rolls Royce,* 905 F.2d 89, 90 (5th Cir.1990) (Claimant may avoid forfeiture to extent he can prove what portions of the properties were purchased with legitimate funds); *United States v. $448,-342.85, et al.,* 969 F.2d 474 (7th Cir.1992).

The Government responds to Claimant's arguments first by pointing out that Claimant's allegation that he repaid the bank is unaccompanied by an affidavit. Claimant has, therefore, appended to the reply an affidavit from David M. Glaser, a Vice President of the Bank, stating that Claim-

ant did repay the $18,000 loan on January 25, 1990, two days after credit had been extended. Since Claimant's affidavit appears to be in order and the Government did not attempt to refute Claimant's statement, the Court will accept as fact that the loan was repaid immediately after it was called.

Citing *United States v. Whaley,* 786 F.2d 1229 (4th Cir.1986), the Government further states that actual loss is not required for § 1014 to be violated. However, the fact that Claimant violated § 1014 is not in dispute. The question is whether he has forfeited the Porsche as a result of the false statements on the loan documents. The Government has not addressed the critical argument: what constitutes "proceeds" under § 981(a)(1)(C).

Although the Government does not argue that the initial purchase with illegally-obtained funds taints the entire vehicle, there is some authority in favor of this theory. In *United States v. Certain Funds on Deposit in Account No. 01-0-71417, Located at the Bank of New York,* 769 F.Supp. 80, 84 (E.D.N.Y.1991), the court held that even if only a portion of property sought to be forfeited is used to facilitate an offense under 18 U.S.C.A. § 981(a)(1)(A), all of the property is forfeitable. Similarly, in *United States v. All Monies ($477,048.62) in Account No. 90-3617-3,* 754 F.Supp. 1467, 1472-76 (D.Haw. 1991), the court held that property used to facilitate money laundering is subject to forfeiture if it made the underlying criminal activity less difficult. However, forfeiture of the entire amount depends on a "substantial connection" between the seized property and the illegal activity.

**B. Money Laundering Claim**

■ The Government also alleges that the vehicle was "involved in money laundering in violation of 18 U.S.C. § 1957." If the § 1957 allegation is supported by probable cause, the entire vehicle may be forfeitable. *See, United States v. Certain Funds on Deposit etc., supra; United States v. All monies in Account etc., supra. See also, United States v. Santoro,*

866 F.2d 1538, 1542 (4th Cir.1989) (For property to be forfeitable under drug law, there must be a substantial connection between the property and the underlying criminal activity. Even though property was divided by a road and had been taxed as two separate parcels, the entire parcel was subject to forfeiture based on sale of drugs on smaller portion of property, which was legally described as a single, undivided tract.).

If the vehicle is forfeitable because of a § 1957 violation, the Government must set forth facts establishing probable cause. 19 U.S.C. § 1615. Supplemental Rule for Certain Admiralty and Maritime Claims E(2)(a), which applies to actions *in rem*, requires that the complaint "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." The Government has not stated its § 1957 allegations with such particularity, claiming only that the vehicle was "involved in money laundering in violation of 18 U.S.C. § 1957."

Rule E(2)(a) "is not merely a procedural technicality, but a way of ensuring that the government does not seize and hold, for a substantial period of time, property to which, in reality, it has no legitimate claim." *United States v. Pole No. 3172, Hopkinton*, 852 F.2d 636, 638 (1st Cir. 1988). *Accord, United States v. Real Property Located At 2323 Charms Road*, 946 F.2d 437, 441 (6th Cir.1991); *United States v. Premises and Real Property at 4492 S. Livonia Road Livonia*, 889 F.2d 1258, 1266 (2d Cir.1989); *United States v. $39,000 in Canadian Currency*, 801 F.2d 1210, 1216 (10th Cir.1986). In *United States v. Borromeo*, 945 F.2d 750, 752 (4th Cir.1991), commenting on Supplemental Rule C(6), the court states that "[d]ue process protections ought to be diligently enforced, and by no means relaxed, where a party seeks the traditionally disfavored remedy of forfeiture." (citing *United States v. $39,000, supra* ).

The Court will give the Government a brief period to amend the Complaint. The amended Complaint may raise additional issues of disputed fact, but Claimant should be given the minimum specificity required by the rules to begin crafting his claim.

Summary Judgment, in lieu of Judgment on the Pleadings, is inappropriate until the Court can resolve the § 1957 claim. The initial burden is on the Government to establish probable cause for its § 1957 claim against Claimant. *United States v. 7715 Betsy Bruce Lane, Summerfield, N.C.*, 906 F.2d 110, 111 (4th Cir.1990).

II. *Stay of Discovery*

█ Claimant requests a stay of discovery to avoid answering potentially incriminating questions until the Government has established the probable cause required of a § 1957 claim by 19 U.S.C. § 1615. However, Claimant's desire to avoid hypothetical self-incrimination is not a sufficient basis for a stay. *United States v. Certain Real Property etc.*, 943 F.2d 721, 730 (7th Cir.1991) (Court will not grant stay where Claimant failed to indicate with precision how he would be prejudiced if the civil action went forward while the criminal action was pending.); *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir.1983) (While the court may stay a civil proceeding during the pendency of a parallel criminal proceeding, the mere fact of a parallel criminal proceeding does not, alone, justify a stay.). Without more evidence of real jeopardy of Claimant's Fifth Amendment privilege, the Court will not invoke the special protection of a stay.

ORDER

In accordance with the attached Memorandum it is this 1st day of December 1992, by the United States District Court for the District of Maryland, ORDERED:

1. That the Claimant's Motion for Judgment on the Pleadings BE, and the same IS, hereby DENIED, provided the Government files an Amended Complaint within twenty (20) days alleging with particularity the § 1957 allegations;

2. That the Claimant's Motion for a stay of discovery BE, and the same IS, hereby DENIED.