BRUNER CORPORATION, Plaintiff,

v.

John BALOGH, Roger Balogh, Bert Lukens, Lukens Enterprises, Inc. d/b/a Balco Sales & d/b/a Balco Electrical and Plumbing Service, and John Does III to X, Defendants.

No. 93–C–0080.

United States District Court,
E.D. Wisconsin.

April 30, 1993.

Maureen A. McGinnity, James L. Huston, Foley & Lardner, Milwaukee, WI, for plaintiff.

Martin D. Stein, John J. Fields & Associates, Brookfield, WI, for defendant Roger Balogh.

Philip L. Atinsky, Atinsky, Kahn, Sicula & Teper, Milwaukee, WI, for defendant John Balogh.

M. Christine Cowles, Borgelt, Powell, Peterson & Frauen, S.C., Milwaukee, WI, for defendants Lukens Enterprises, d/b/a Balco Sales & Bert Lukens, d/b/a Balco Elect.

## DECISION AND ORDER

RANDA, District Judge.

Before the Court are motions filed by Defendant Roger Balogh and Defendants Bert Lukens, Lukens Enterprises, Inc. d/b/a Balco Sales and Balco Electrical and Plumbing Service (collectively "Lukens") for a stay of the proceedings in the above captioned case. For the reasons set forth more fully below, the Court will stay the proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 25, 1993, a criminal complaint was filed in Fond du Lac County Circuit Court charging Defendant Roger Balogh with the felony of receiving stolen property contrary to § 943.34(1)(c) of the Wisconsin Statutes. On January 27, 1993, Plaintiff Bruner Corporation ("Bruner") filed a civil action in the United States District Court for the Eastern District of Wisconsin alleging that one of its former employees, Defendant John Balogh, and his brother, Defendant Roger Balogh had stolen and sold over $1,000,000 worth of Bruner water treatment equipment. The complaint alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., as well as violations of Wisconsin law.

On February 12, 1993, Bruner amended its complaint naming the additional Defendants and adding an additional predicate RICO offense, interstate transportation of stolen property. On February 17, 1993, Defendant Roger Balogh moved this Court for a stay of these proceedings on the grounds that the concurrent state criminal prosecution would require him to invoke his Fifth Amendment privilege in this case, thereby hindering his defense against Bruner's civil allegations. (Roger Balogh's Brief at 3) On March 11, 1993, Bruner moved in opposition to the motion to stay on the grounds that parallel civil and criminal proceedings are constitutionally permissible and that "Balogh's blanket invocation of the privilege is as hypothetical as it is unsubstantiated." (Bruner Brief at 3, 5) On April 9, 1993, Lukens joined in Roger Balogh's motion and moved in its own right for a stay on the grounds that Roger Balogh's invocation of the Fifth Amendment would curtail the discovery of evidence necessary for its defense. (Lukens Brief at 9)[1]

## LEGAL ANALYSIS

While the Court has the inherent power to stay its proceedings, *Landis v. North American Company*, 299 U.S. 248, 254, 57 S.Ct. 163, 165, 81 L.Ed. 153 (1936), "[I]t is not unconstitutional to force a litigant to choose between invoking the fifth amendment in a civil case, thus risking a loss there, or answering the questions in the civil context, thus risking subsequent criminal prosecution." *Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y.1985) citing *Baxter v. Palmigiano*, 425 U.S. 308, 318–19, 96 S.Ct. 1551, 1557–58, 47 L.Ed.2d 810 (1976) (citations omitted).

"Nevertheless, a court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions 'when the interests of justice seem[ ] to require such action ...' ". *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375 (D.C.Cir.1980) (quoting *United States v. Kordel*, 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 770 n. 27, 25 L.Ed.2d 1 (1970) (citations omitted). "In other words, the Court in a civil case may exercise its discretion so that a defendant need not find himself in the position in which the *Kordel* and *Baxter* Courts have said he may constitutionally be put." *Brock* 109 F.R.D. at 119.

■ Roger Balogh argues that a stay is appropriate because, "the strongest case for deferring civil proceedings until after completion of criminal proceedings [is] where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." (Roger Balogh's Brief at 3, citing *SEC v. Dresser Industries, Inc., supra* 628 F.2d at 1375–76)[2] Bruner's argument in opposition is threefold: 1) a stay is not required because there is no "unity of interest" between the State of Wisconsin and Bruner; 2) the criminal prosecution "relates to but a small portion of this civil action." (Bruner Brief at 4); Roger Balogh has failed to state with precision or specificity, the grounds for his assertion of the privilege. (Bruner Brief at 6)

■ With respect to the "unity of interest" argument, Bruner cites no authority for such a rule, and the Court is unaware of any case which so holds. While the Fifth Amendment issue typically arises where the

---

**1.** Both Bruner and Lukens have noted that the scope of the stay sought by Roger Balogh is unclear. (Bruner Brief, p. 5, n. 2, Lukens Brief, p. 3, n. 1) In light of the Court's decision to stay these proceedings in their entirety, it need not address this issue.

**2.** Roger Balogh suggests that the Court adopt the five (5) factor test set forth in *Golden Quality Ice Cream Co. v. DeerField Specialty Papers, Inc.*, 87 F.R.D. 53 (E.D.Pa.1980). The factors to consider are: 1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any aspect of it, and the potential prejudice to plaintiffs of a delay; 2) the burden which any particular aspect

of the proceedings may impose on defendants; 3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; 4) the interests of persons not parties to the civil litigation; and 5) the interest of the public in the pending civil and criminal litigation. Considering that the Seventh Circuit has recently shown a dislike for multi-factor tests, *Farmer v. Hass et al.*, 990 F.2d 319 (7th Cir. 1993), citing *Prussner v. United States*, 896 F.2d 218, 224 (7th Cir.1990); *Kenosha Liquor Co. v. Heublein, Inc.*, 895 F.2d 418, 419 (7th Cir.1990); *Stevens v. Tillman*, 855 F.2d 394, 399 (7th Cir. 1988), the Court declines to adopt the test as set forth in *Golden Quality Ice Cream supra*.

government is prosecuting parallel civil and criminal actions—*United States v. One 1990 Porsche Carrera*, 807 F.Supp. 371 (D.Md. 1992) (civil forfeiture with parallel criminal prosecution); *United States v. 6250 Ledge Road*, 943 F.2d 721 (7th Cir.1991) (civil forfeiture with parallel criminal prosecution); *United States v. O'Connor*, 118 F.Supp. 248 (D.Mass.1953) (IRS enforcement proceedings); *SEC v. Dresser Industries, Inc., supra* (civil and criminal enforcement of securities laws)—the issue also arises in cases where, as here, no governmental entity is represented in the civil proceeding. *Nowaczyk v. Matingas*, 146 F.R.D. 169 (N.D.Ill.1993) (action for fraud, conversion, and an accounting); *Brumfield v. Shelton*, 727 F.Supp. 282 (E.D.La.1989) (action for breach of fiduciary duty); *Andover Data Services v. Statistical Tabulating Corp.*, 876 F.2d 1080 (2nd Cir. 1989) (tortious interference with business relations); *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53 (E.D.Pa.1980) (civil antitrust). None of the cited cases discuss a requirement that there exist a "unity of interest". Even if, as Bruner suggests, the Court in *United States v. Private Sanitation Industry Assn.*, 811 F.Supp. 802, 806 (E.D.N.Y.1992), held that a stay is "most appropriate" where the government is prosecuting both the civil and criminal actions, it does not follow that it is inappropriate to stay a case where the government is not a party to the civil proceeding. As a matter of law, there need not even be a parallel criminal proceeding for a witness to properly invoke the privilege. *McCarthy v. Arndstein*, 266 U.S. 34, 40, 45 S.Ct. 16, 17, 69 L.Ed. 158 (1924); *National Life Ins. Co. v.*

*Hartford Acci & Indem. Co.*, 615 F.2d 595, 597 (3rd Cir.1980) ("It is undisputed that the fifth amendment privilege against self-incrimination may be asserted in a civil action as well as a criminal action.") Nevertheless, the right to invoke the privilege is not absolute. The privilege is not properly invoked "if the testimony sought cannot possibly be used as a basis for, or in the aid of, a criminal prosecution against the witness ..." *Brown v. Walker*, 161 U.S. 591, 597, 16 S.Ct. 644, 647, 40 L.Ed. 819 (1896). While this action is broader in scope than the criminal complaint, (and relying upon the language of *Brown*) the subject matter is sufficiently intertwined for the Court to conclude that there exists more than a "possibility" that Roger Balogh's testimony could "aid in" the state prosecution against him.

Bruner's final argument is that Roger Balogh has reflexively asserted a blanket privilege which is insufficient as a matter of law. As authority, Bruner cites the Seventh Circuit's opinion in *United States v. 6250 Ledge Road*, 943 F.2d 721, 729 (7th Cir.1991) (The "blanket assertion of the privilege ... does not provide a sufficient basis for a district court to grant a stay.")[3] Bruner's reliance upon *6250 Ledge Road* is misplaced. First, despite the quoted language, the Seventh Circuit stated that the decision to stay a civil proceeding pending the outcome of a criminal proceeding is within the District Court's discretion. *Id.* at 729, n. 9. Second, an examination of the quoted language reveals not only that it is dicta[4], but that the cases cited by the Seventh Circuit in support of that rule are factually distinguishable from this one.[5]

---

**3.** It is not clear to the Court, as Bruner argues, that Roger Balogh has improperly made a "blanket" assertion of the privilege. Lukens disputes Bruner's argument that Roger Balogh's assertion is "hypothetical" or "unsubstantiated". Lukens points out that Roger Balogh has pled the Fifth Amendment in answering the Complaint. (Lukens Brief at 8) Nevertheless, to the extent that it may be so characterized, those cases which have disapproved of a "blanket" assertion of the privilege, were confronted almost exclusively with a recalcitrant witness where the validity of the assertion was not readily apparent. *See United States v. White*, 970 F.2d 328, 334 (7th Cir.1992); *In Re Witnesses Before Special March 1980 Grand Jury*, 729 F.2d 489, 495 (7th Cir.1984); *United States v. Verkuilen*, 690 F.2d 648, 653–54 (7th

Cir.1982); *Martin–Trigona v. Gouletas*, 634 F.2d 354, 357 (7th Cir.1980) In the instant case, with the pendency of a state criminal proceeding based upon the same factual predicates, the validity of the assertion is apparent.

**4.** The Seventh Circuit held, "[b]y agreeing to go to trial on stipulated facts without objecting to the procedure on Fifth Amendment grounds, the claimant waived this issue." *6250 Ledge Road*, 943 F.2d at 729.

**5.** The Seventh Circuit cited two cases in support of this rule; *Little Al*, discussed above, and *United States v. $250,000 in United States Currency*, 808 F.2d 895, 901 (1st Cir.1987). In *$250,000*, the First Circuit, citing the Fifth Circuit's holding

The Seventh Circuit cited *United States v. Little Al*, 712 F.2d 133 (5th Cir.1983), wherein the Fifth Circuit reviewed a District Court's entry of summary judgment on behalf of the government in a civil forfeiture proceeding. The defendant-appellee had already been convicted of conspiring to import and possess with intent to distribute marijuana. In the subsequent civil forfeiture proceeding, defendant-appellee's counsel moved for a continuance on the basis that he could not adequately oppose the government's summary judgment motion without utilizing affidavits from the defendant-appellee and his codefendants which might "substantial[ly] prejudice" their criminal appeals. *Id.* at 135. In holding that the District Court had not abused its discretion in denying the motion to stay, the Fifth Circuit noted that nothing in the attorney's affidavit submitted in support of the motion explained "how the filing of an affidavit [in the forfeiture proceeding] would have prejudiced the criminal appeals of Pollard or his codefendants" *Id.* at 136. In *Little Al*, the defendant-appellee's claim of the privilege was questionable given that he had already been convicted. In this case, it is not difficult to see how Balogh's testimony might prejudice him in a contemporaneous criminal proceeding. The Fifth Circuit went on to state:

> Certainly, a district court may stay a civil proceeding during the pendency of a parallel proceeding. *See SEC v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir.1981) Such a stay contemplates "special circumstances" and the need to avoid "substantial and irreparable prejudice." *Id.*

*Little Al*, 712 F.2d at 136.

Here, Roger Balogh has asserted the privilege in a timely manner and it remains within the sound discretion of the Court to determine whether this case presents the "special circumstances" discussed in *SEC v. First Financial Group, Inc.* The Fifth Circuit in *First Financial*, cited *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084 (5th Cir.1979) as an example of a "special circumstances" case. *First Financial*, 659 F.2d at

668. In *Wehling*, the Fifth Circuit reversed the District Court's dismissal of Wehling's civil action against CBS. Wehling had brought a libel action against CBS for a broadcast which suggested that Wehling had defrauded both his own students and the federal government through abuse of federal student loan and grant programs. On the day of his deposition, Wehling asserted his Fifth Amendment privilege stating that he had reason to believe that he was under investigation by a federal grand jury. (Before the CBS broadcast, Wehling had already appeared five (5) times before the grand jury and asserted the privilege.) In addition, Wehling moved for a protective order seeking to stay discovery. The District Court dismissed the suit on the grounds that Wehling's invocation of the privilege would prevent CBS from presenting an adequate defense. In reversing and remanding, the Fifth Circuit stated, "... Wehling asks only that discovery be stayed until all threat of criminal liability has ended." *Id.* 608 F.2d at 1087. The Fifth Circuit's rational was that CBS would not be prejudiced by a stay because Wehling was not seeking to force CBS to go to trial after limited discovery, but rather a stay of the proceedings until the threat of criminal prosecution had passed. Because, Wehling had not yet been indicted, the Fifth Circuit remanded with instructions that the case be stayed until the statute of limitations had run, a period of more than three years. *Id.* at 1089. Upon comparison, Balogh's argument in support of the stay is even stronger than that made by Wehling in that a criminal complaint has already been filed.

The Second Circuit reached a similar conclusion in *Andover Data Services v. Statistical Tabulating Corporation*, 876 F.2d 1080 (2nd Cir.1989) Andover Data filed suit against Statistical alleging that Statistical and one of Andover Data's officers attempted to convert Andover Data's business. Upon first discovering the wrongful conduct, Andover Data contacted the police and requested a criminal investigation of its former officer Walter B. Schwer and Statistical. The Dis-

---

in *Little Al*, held that the appellant, who had not raised the issue at the forfeiture proceedings,

could not make a "blanket assertion" of the privilege at the *appellate level* (emphasis ours).

trict Court, in an effort to accommodate both parties and move the case along, entered a protective order foreclosing prosecutorial access to the testimony. When Schwer continued to assert the privilege, the Judge held him in contempt. *Id.* at 1082–84. The Second Circuit reversed the order of contempt on the grounds that the District Judge's attempt to substitute the Fifth Amendment with a Rule 26(c) protective order, while "not without certain appeal", was erroneous. *Id.* at 1083. In holding that Schwer had properly asserted the privilege, the Second Circuit acknowledged that it was unknown whether the criminal investigation was still ongoing. *Id.* at 1081. Given that both the Fifth and Second Circuits have held that a *pre-indictment* assertion of the privilege is proper, Bruner's argument that Roger Balogh's assertion is "hypothetical" and "unsubstantiated" must be rejected. Based on the forgoing, the Court concludes that Roger Balogh's invocation of the Fifth Amendment is timely and valid and this case should be stayed.

■ As a final matter, Lukens has joined in Roger Balogh's motion and moved in its own right to stay the proceedings. Lukens has moved to stay all proceedings until the "termination of any and all related criminal actions pending or threatened against defendants Roger Balogh and John Balogh". (Lukens Motion at 2) In support thereof, Lukens argues that it will not be able to conduct essential discovery given Roger Balogh and John Balogh's invocation of the Fifth Amendment. (Lukens Brief at 9) Bruner has argued that it has not sought discovery from Roger Balogh and therefore the invocation of the Fifth Amendment is premature. (Bruner Brief at 6–7) It is not likely that either Bruner or Lukens could proceed to trial without meaningful discovery from Roger Balogh (or John Balogh). Accordingly,

the Court concludes that a stay is warranted by the circumstances and that it would be prejudicial to Lukens and wasteful of judicial resources to stay this case as to some, but not all of the Defendants. Accordingly, this case will be stayed.[6]

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. All proceedings related to Case No. 93–C–0080 are STAYED.

2. Case No. 93–C–0080 is CLOSED for statistical purposes, to be reopened by motion of any party.

**SO ORDERED.**

---

**6.** In *United States v. Private Sanitation Industry Assn.,* 811 F.Supp. 802 (E.D.N.Y.1992), the Court denied a motion to stay, but in doing so distinguished its prior decision in *United States v. 1344 Ridge Rd.,* 751 F.Supp. 1060 (E.D.N.Y.1989):

> [In *1344 Ridge Rd.*] ... this Court stayed discovery in a civil forfeiture action against the claimants of the property where they argued that they would be forced to invoke their Fifth Amendment privilege to avoid prejudicing their rights in an anticipated criminal proceed-

ing. However, in that case, one of the two claimants had already been indicted before the commencement of the forfeiture action, making it appropriate to stay the action even against the unindicted co-defendants.

*Private Sanitation* 811 F.Supp. at 806.

*See also Brumfield v. Shelton,* 727 F.Supp. 282, 284 (E.D.La.1989) ("And, since the issues in both are exactly the same, with respect to Shelton, a stay of discovery as to Shelton, effectively stays the entire civil proceeding.")