UNITED STATES of America, Plaintiff-Appellee,

v.

LITTLE AL, a/k/a Texas Ranger, Etc., et al., Defendants,

Charles Thomas Pollard, Claimant-Appellant.

No. 82–2300
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 15, 1983.

Michael A. Maness, Mark Vela, Houston, Tex., for claimant-appellant.

Frances H. Stacy, Jack Shepherd, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before REAVLEY, GARWOOD and JOLLY, Circuit Judges.

REAVLEY, Circuit Judge:

This case concerns the forfeiture of three vessels allegedly used in a scheme to import marijuana. Appellant Charles Pollard, who claims an ownership interest in the vessels, appeals from the entry of judgment in favor of the government. He argues that the district court punished his exercise of the privilege against self-incrimination by refusing to continue the action during the pendency of Pollard's appeal from a criminal conviction that stemmed from his part in the importation scheme. We affirm.

The factual background of the seizure of the three vessels appears in detail in *United States v. Scott,* 678 F.2d 606 (5th Cir.1982) *cert. denied,* —— U.S. ——, 103 S.Ct. 304, 74 L.Ed.2d 285 (1982). We reiterate the

essential facts. The U.S. Coast Guard boarded the unmanned fishing vessel LITTLE AL on April 6, 1981 and discovered over fifteen tons of marijuana aboard. The coast guard, based on prior surveillance, stopped the other two vessels, TYRANT III and DORADO, and arrested their crews and passengers. The twelve men found on board, including appellant Pollard, were convicted of conspiring to import and to possess with intent to distribute the marijuana found on LITTLE AL. We affirmed Pollard's conviction, but reversed the convictions of seven of his codefendants.

The government filed this forfeiture action on October 13, 1981. While the convictions were awaiting appellate review, the government filed a motion for summary judgment in the forfeiture action and supported the motion with affidavits by coast guard personnel who had participated in the seizure of the three vessels. Pollard filed no opposing affidavits.

Pollard, however, did invoke the continuance procedure under Fed.R.Civ.P. 56(f), which empowers the district court to continue or deny a summary judgment motion when the nonmoving party cannot present opposing affidavits. Pollard's counsel averred that he could not obtain affidavits from Pollard or his codefendants for fear of "substantial prejudice" to their criminal appeals. The affidavit did not specify the nature of the prejudice or the nature of the evidence that might become available if the court granted the continuance.

The district court granted summary judgment, noting that Pollard had not made a sufficient showing of inability to present facts. The affidavit of Pollard's counsel, in the court's view, merely evinced reluctance to oppose the motion during the pendency of the criminal appeals.

### 1. Denial of the Continuance

Moving for a continuance under Rule 56(f) invokes the discretion of the district court, and only an abuse of that discretion will justify reversal. *American Lease Plans v. Silver Sand Co.,* 637 F.2d 311, 317–18 (5th Cir.1981). The party seeking the continuance bears the burden of demonstrating the need for a continuance. As we have observed:

> Because the burden on a party resisting summary judgment is not a heavy one, one must conclusively justify his entitlement to the shelter of rule 56(f) by presenting specific facts explaining the inability to make a substantive response as required by rule 56(e) and by specifically demonstrating "how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts.

*SEC v. Spence & Green,* 612 F.2d 896, 901 (5th Cir.1980) (citations omitted), *cert. denied,* 449 U.S. 1082, 101 S.Ct. 866, 66 L.Ed.2d 806 (1981).

Pollard does not diminish this burden by resting his request for a continuance on the privilege against self-incrimination. As the Supreme Court has noted recently:

> [W]hile the assertion of the Fifth Amendment privilege against compulsory self-incrimination may be a valid ground upon which a witness . . . declines to answer questions, it has never been thought to be in itself a substitute for evidence that would assist in meeting a burden of production. We think the view of the Court of Appeals [that invocation of the privilege satisfies a burden of production] would convert the privilege from the shield against compulsory self-incrimination which it was intended to be into a sword whereby a claimant asserting the privilege would be freed from adducing proof in support of a burden which would otherwise have been his. None of our cases support this view.

*United States v. Rylander,* —— U.S. ——, 103 S.Ct. 1548, 1552–53, 75 L.Ed.2d 521 (1983). Accordingly, a blanket assertion of the privilege neither excuses the burden under rule 56(e) of controverting the government's affidavits nor carries the burden under rule 56(f) of explaining either the

inability to respond or the benefit to be derived from postponement.

The affidavit submitted by Pollard's counsel amounts to nothing more than blanket assertion of the privilege. No explanation appears concerning how the filing of an affidavit would have prejudiced the criminal appeals of Pollard or his codefendants. No explanation appears concerning what the affidavits could have disclosed. No explanation appears concerning why affidavits would have been any more available after termination of the criminal appeal.

 Certainly, a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding. *See SEC v. First Financial Group of Texas, Inc.,* 659 F.2d 660, 668 (5th Cir.1981). Such a stay contemplates "special circumstances" and the need to avoid "substantial and irreparable prejudice." *Id.* The very fact of a parallel criminal proceeding, however, did not alone undercut Pollard's privilege against self-incrimination, even though the pendency of the criminal action "forced him to choose between preserving his privilege against self-incrimination and losing the civil suit." *Hoover v. Knight,* 678 F.2d 578, 581 (5th Cir.1982). This case hardly presents the type of circumstances or prejudice that require a stay.

### 2. Propriety of Summary Judgment

Pollard argues, alternatively, that the court erred by entering summary judgment even if its procedures did not infringe the privilege against self-incrimination. In Pollard's view, the government's affidavits do not demonstrate that the vessels were used or intended to be used to smuggle marijuana. Pollard argues that the affidavits depend upon conflicting inferences that the court could have drawn and that entry of judgment contravened the principle of drawing all inferences favorable to the non-moving party.

The government affidavits do depend on inferences from these facts: (1) the LITTLE AL contained over fifteen tons of marijuana; (2) coast guard surveillance established that the TYRANT III had been alongside LITTLE AL early in the day and that TYRANT III, in turn, had been alongside DORADO;[1] (3) the fingerprints of two passengers on board TYRANT III were discovered on nautical maps found on board LITTLE AL; (4) the coast guard had observed someone on board TYRANT III pass a roll of plastic wrap to someone on board DORADO; and (5) no other vessels were observed in contact with LITTLE AL, TYRANT III or DORADO.

 If the government bore the burden of proving by a preponderance of the evidence that the vessels were used or intended to be used in importing the marijuana, the judgment as to these vessels might be in question. The forfeiture statutes, however, place the government's burden at a lower threshold. It must establish only that reasonable grounds exist to believe that the vessels were used or intended to be used for prohibited purposes. 21 U.S.C.A. § 881(b)(4) (West 1981);[2] *See United States v. 1964 Beechcraft Baron Aircraft,* 691 F.2d 725, 727 (5th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1893, 77 L.Ed.2d 283 (1983). The property is subject to forfeiture if it was used "in any manner" to facilitate sale or transportation. *Id.* Any claimant of the property must establish either that the property is not subject to forfeiture, or that a defense to the forfeiture applies. *See United States v. $364,-960.00 in U.S. Currency,* 661 F.2d 319, 325 (5th Cir.1981).

 If unrebutted, a showing of probable cause alone will support a forfeiture. *See United States v. One 1975 Ford Pickup Truck,* 558 F.2d 755, 756–57 (5th Cir.1977) (upholding forfeiture based on unrebutted showing of probable cause). If Pollard had

---

1. Under 19 U.S.C. § 1615(3), the contact among the vessels provides prima facie evidence of "visits" among the vessels.

2. The district court ordered the forfeiture under four statutes, 19 U.S.C. § 1595a; 49 U.S.C.

§§ 781, 782; and 21 U.S.C. § 881. The procedures under these statutes are substantially similar; a showing of probable cause likewise shifts the burden of proof. *See* 19 U.S.C. § 1615; 49 U.S.C. § 784.

controverted facts upon which the probable cause showing relied, summary judgment would have been improper. *United States v. One 1944 Steel Hull Freighter,* 697 F.2d 1030, 1031–32 (11th Cir.1983). As the Court of Appeals for the Sixth Circuit, however, has noted:

> While we cannot agree with the government's insistance that probable cause is all that is needed by way of proof to justify a forfeiture even in the face of overwhelming proof that the cause, though probable, was not ultimately sustained, it is apparent to us that a showing of probable cause is sufficient to warrant a forfeiture and that summary judgment was properly entered in the absence of any exercise by the claimant of her right to come forward and show that the facts constituting probable cause did not actually exist.

*United States v. One 1975 Mercedes 280S,* 590 F.2d 196, 199 (6th Cir.1978); *see United States v. One 1974 Porsche 911–S,* 682 F.2d 283, 285–86 (1st Cir.1982).

Even drawing inferences favorable to Pollard, we perceive no genuine issue of material fact as to probable cause. He has not undercut the factual basis shown by the government.

AFFIRMED.