**UNITED STATES of America**

**v.**

**$33,000 UNITED STATES CURRENCY.**

**Civ. No. Y–84–2433.**

United States District Court,
D. Maryland.

July 17, 1986.

Breckinridge L. Willcox, U.S. Atty., State of Md., and Robert C. Bonsib, Asst. U.S. Atty., Baltimore, Md., for plaintiff.

Gerard P. Martin, and Gregg L. Bernstein, Baltimore, Md., for claimant Stephen J. Mazur, Jr.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

This is an action for forfeiture, in which the United States is attempting to secure ownership of $33,000 which was seized from the home of Stephen J. Mazur on December 2, 1983. The seizure was pursuant to a valid search warrant, which permitted the seizure of financial proceeds from dealing in cocaine and marijuana, and other controlled substance trafficking. Plaintiff, the United States, contends that the $33,000 was money obtained from the sale of controlled substances, and, as illegally used property, it is subject to forfeiture. Claimant, Mazur, disputes that the money was illegally used, and contends that the $33,000 were partial proceeds from the sale of an Arabian horse, as well as the sale of valuable coins and stock.

Both parties have filed motions for summary judgment, each arguing that they have satisfied their burden in this type of forfeiture proceeding. Both parties waived a hearing, requesting that the Court decide the issue on the pleadings.

Forfeiture is authorized by 21 U.S.C. § 881(a)(6) for "(a)ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of (subchapter I)." Section 881(a)(6) also authorizes the forfeiture of all proceeds which are traceable to an exchange of controlled substances, and all money which is used or intended to be used to facilitate a violation of subchapter I, which contains the provisions for the regulation of controlled substances.

In a forfeiture proceeding, the government has the initial burden to establish the existence of "probable cause" justifying the forfeiture. "The probable cause necessary is a reasonable ground for belief of guilt, supported by less than *prima facie* proof but more than mere suspicion," *United States v. $22,287 United States Currency*, 709 F.2d 442, 446–47 (6th Cir. 1983); *United States v. One 1978 Chevrolet Impala*, 614 F.2d 983, 984 (5th Cir. 1980), provided that the finding of probable cause is a reasonable one under all the circumstances. *United States v. One 1955 Ford Sedan*, 164 F.Supp. 729 (D.Md.1958). In making its probable cause showing, the government must establish a nexus "between the property to be forfeited and the criminal activity defined by the statute." *United States v. $364,960 United States Currency*, 661 F.2d 319, 323 (5th Cir.1981).

If the government is able to make a sufficient showing of probable cause, the burden then shifts to the claimant to show by a preponderance of the evidence that the currency is not subject to forfeiture. *United States v. $22,287 United States Currency*, 520 F.Supp. 675, 678 (E.D.Mich. 1981); 19 U.S.C. § 1615. Thus, a showing of probable cause, if unrebutted, is sufficient to support forfeiture. *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983).

In the instant case, the government has several bases for its argument that it has probable cause to believe that the $33,-000 is drug related and should be subject to forfeiture. The $33,000 was seized from Mazur's home on December 2, 1983, pursuant to a search warrant. It was discovered in a brown paper bag, along with the dis-

covery of a quantity of cocaine. The government reasons that the storage of such a large amount of cash is consistent with the operation of a drug trafficker, and that its conclusion is bolstered by the presence of drugs.

The government also relies upon documents from proceedings against claimant in the United States District Court for the Eastern District of Pennsylvania, in which Mazur pled guilty to conspiracy to distribute marijuana, and income tax evasion. In the claimant's version of the factual basis for his plea to the income tax evasion count, the claimant does not contradict or refute the government's allegation that during the calendar years 1977 through 1981, Mazur had no legitimate employment and earned money through the sale and distribution of controlled substances.

█ The claimant insists that, even assuming the government has made a sufficient showing of probable cause, he has successfully shown by a preponderance of the evidence that the currency was "innocent," or in other words, not related to drug trafficking. Claimant has offered ample documentation that he received $21,915.92 as proceeds from the sale of an Arabian horse, ZODIAC MATADOR, one week before the seizure, and that he removed the sum from the bank in cash. He alleges without documentation that the remainder of the money was derived from the sale of valuable coins and stocks, and that documentation is impossible because the government has possession of his records. Claimant concludes that his showing demonstrates that the government's belief in the nexus between the drugs and the money was erroneous.

But the government argues that even if the horse and coins were the immediate source of cash, they were bought with drug related money and are equally tainted. Its belief is based partially upon the records of the proceedings in the Eastern District of Pennsylvania, which demonstrate that Mazur purchased two Arabian horses in 1980 —at a time when Mazur had no legitimate source of income. Further confirmation is derived from an informant's assertion that "Mazur was hiding his proceeds from drug trafficking in real estate, houses, stocks, gold bullion, coins, vehicles and livestock." The government reasons that the proceeds from items purchased with drug money are drug related, and should be forfeited.

From the pleadings and evidence, this Court concludes that the government has established a reasonable ground for belief that the $33,000 is drug related. Thus, the burden has shifted to the claimant, to show by a preponderance of the evidence that the currency is not subject to forfeiture. Although claimant offered some evidence that the cash was not directly derived from a drug transaction, he failed to prove by a preponderance of the evidence that there was no nexus between the $33,000 and the drug trafficking. The facts that claimant was conducting a variety of large transactions in cash, keeping the cash in a brown paper bag, and making his purchases without an apparent source of income all remain unexplained by claimant. Therefore, he has not met his burden.

Accordingly, plaintiff's motion for summary judgment is granted, and the $33,000 United States Currency is forfeited to the government.