Simon DOMINGUEZ, et al., Plaintiffs,

v.

The HARTFORD FINANCIAL
SERVICES GROUP, INC.,
et al., Defendants.

Civil Action No. H–07–4519.

United States District Court,
S.D. Texas,
Houston Division.

Jan. 18, 2008.

Jeffrey D. Meyer, Moulton and Meyer LLP, Houston, TX, Christopher Andres Bandas, Bandas Law Firm, P.C., Corpus Christi, TX, for Plaintiffs Simon Dominguez, Pedro Dominguez, Jose Francisco Briones, and Robert Perez.

Vanessa M. Griffith, Robert C. Walters, Vinson & Elkins LLP, Dallas, TX, for Defendants The Hartford Financial Services Group, Inc. and The Hartford Insurance Company.

Chris Flood, Flood & Flood, Lynne Liberato, Haynes & Boone, LLP, Houston, TX, for Defendant Warren Todd Hoeffner.

Darrell Lee Barger, Hartline Dacus, et al., Corpus Christi, TX, for Defendants Thomas E. Bilek and Hoeffner & Bilek, LLP.

Stephen E. McConnico, Cynthia Saiter Connolly, Scott, Douglass & McConnico, Austin, TX, for Defendants James P. "Buddy" Bell and Buddy Bell Attorney at Law.

John R. Braddock, Quincy Ollison, United States Attorney's Office, Houston, TX, for Interested Party The United States of America.

## ORDER

DAVID HITTNER, District Judge.

Pending before the Court is Defendant Cross–Claimant Warren Todd Hoeffner's Emergency Motion to Withdraw December 28, 2007 "Agreed" Stay Order. Having considered the motion, submissions, oral argument at a hearing held on January 11, 2008, and applicable law, the Court determines the motion to withdraw the "agreed" stay order should be granted, and the following order should be substituted in its place.

## FACTS

Defendant Cross–Claimant Warren Todd Hoeffner ("Hoeffner"), an attorney, negotiated settlements between his clients and Defendant Cross–Defendant The Hartford Financial Services Group, Inc. ("The Hartford") from 2002 to 2004. On June 25, 2007, the grand jury indicted Hoeffner and two former employees of The Hartford, Rachel Rossow ("Rossow") and John Prestage ("Prestage"). In the criminal prosecution, the United States of America ("Government") alleges Hoeffner, Rossow, and Prestage (collectively, "criminal defendants") engaged in a scheme that caused The Hartford to pay $34 million in settlement funds to Hoeffner's clients. Rossow and Prestage allegedly received $3 million in bribes from Hoeffner.[1]

On June 28, 2007, Hoeffner's former clients ("Plaintiffs"), filed the instant civil suit ("civil action") against The Hartford, Hoeffner, and others, alleging, *inter alia*, breach of fiduciary duty regarding settlements they received from The Hartford that were negotiated by Hoeffner.[2] On October 15, 2007, Hoeffner filed a civil cross-claim ("civil cross-claim") against his civil co-defendant, The Hartford, asserting, *inter alia*, it subjected him to an extortion scheme perpetrated by Rossow and Prestage. Seeking discovery in his civil cross-claim, Hoeffner notified The Hartford that he intends to depose eighteen current and former employees by March 2008.

Although not a party, the Government filed an emergency motion to stay the civil action on December 21, 2007, arguing discovery in the civil action will compromise the pending criminal prosecution. The Court, having been informed that all parties agreed to the stay, granted the Government's motion to stay on December 28, 2007. However, on January 2, 2008, Hoeffner filed a motion to withdraw the stay because some of the parties apparently did not agree to stay the civil action. On January 11, 2008, the Court held a hearing with all civil and criminal parties represented to state their relative positions re-

---

1. The criminal case is set for trial in June 2008.

2. On November 28, 2007, the Court ordered Plaintiffs to arbitrate various claims against various defendants. However, Hoeffner's civil cross-claim against The Hartford is not subject to the arbitration order.

garding a stay of the civil action.[3] The Government and The Hartford advocated for the Court to maintain the stay, Hoeffner, the civil Plaintiffs, and Prestage, a criminal defendant who is not a party to the civil action, advocated to lift the stay, and Rossow, the remaining criminal defendant, who is not a party to the civil action, neither joined nor opposed Hoeffner's motion to lift the stay. Accordingly, the Court must determine whether a stay of the civil action pending resolution of the criminal action is warranted.

### LAW & ANALYSIS

A district court's inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" includes the power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery. *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir.1990). A district court's power to stay proceedings also encompasses the authority to stay a civil proceeding pending the resolution of a criminal proceeding when the interests of justice so require. *United States v. Little Al*, 712 F.2d 133, 135 (5th Cir.1983) (explaining that "special circumstances" must exist for a court to stay proceedings); *State Farm Lloyds v. Wood*, Civ. A. No. H–06–503, 2006 WL 3691115, *1 (S.D.Tex. Dec. 12, 2006) (citing *United States v. Kordel*, 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970) (same)).

Although a district court has wide discretion to stay proceedings, its power is not unbounded. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir.1983). A court must weigh the competing interests when exercising its discretion to issue a stay. *Landis*, 299 U.S. at 254–55, 57 S.Ct. 163; *Little Al*, 712 F.2d at 135; *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir.1962). Courts consider the following factors in determining whether "special circumstances" warrant a stay: (1) the extent to which the issues in the criminal case overlap with the issues presented in the civil case; (2) the status of the case, including whether the criminal defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Holden Roofing, Inc. v. All States Roofing, Inc.*, Civ. A. No. H–06–3406, 2007 WL 1173634, *1 (S.D.Tex. Apr. 18, 2007); *Wood*, 2006 WL 3691115, at *1; *Librado v. M.S. Carriers, Inc.*, No. Civ. A. 3:02–CV–2095D, 2002 WL 31495988, *1 (N.D.Tex. Nov. 5, 2002). A stay order will be reversed when found to be immoderate or of an indefinite duration. *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). Thus, a court must carefully consider the time reasonably expected for resolution of the other case. *Wedgeworth*, 706 F.2d at 545. The party seeking the stay bears the burden of demonstrating the stay is warranted. *Id.* Therefore, in this case, the Government and The Hartford, as parties seeking the stay, bear the burden of demonstrating the stay is warranted.[4] *See id.*

---

**3.** Counsel for the civil Plaintiffs, The Hartford, and the Government, as well as each criminal defendant and his or her counsel, were present at the hearing.

**4.** The Hartford stated in open Court at the hearing held on January 11, 2008 that it joined the Government's motion to stay. The Court notes the civil Plaintiffs, Hoeffner's former clients, challenge the Government's

The Government and The Hartford request the Court continue the stay, arguing they will suffer "substantial and irreparable prejudice" if Hoeffner's civil cross-claim and its discovery proceed. *See Little Al,* 712 F.2d at 135. The Government contends the Court should continue to stay the civil action because Hoeffner instituted the civil cross-claim as a means of obtaining discovery under the civil discovery rules that he would not normally be entitled to under the criminal rules. According to the Government, Hoeffner is subverting the civil discovery process to shape and prepare his defense in the criminal prosecution.

Concurring with the Government, The Hartford posits it will suffer substantial and irreparable harm if civil discovery proceeds because Hoeffner's dual status as an indicted criminal defendant and a plaintiff in the cross-claim gives him an unfair advantage. The Hartford complains that even though Hoeffner can compel discovery from The Hartford under the civil rules, it is not entitled to reciprocal discovery from Hoeffner because he can assert his Fifth Amendment privilege against self-incrimination in light of the pending criminal prosecution.[5]

In opposition, Hoeffner requests the Court lift the stay because he alleges The Hartford has not been forthright with the Government in the criminal prosecution and is withholding exculpatory evidence. Hoeffner contends the only way he can obtain the information he needs to defend himself in the criminal prosecution is by filing the civil cross-claim against The Hartford and using civil discovery as a defense in the criminal action. In response, the Government argues that if The Hartford has exculpatory evidence regarding Hoeffner's participation in the alleged conspiracy for which he has been indicted, the Government will discover the evidence in the criminal action and provide it to Hoeffner pursuant to *Brady v. Maryland's* mandate. *See Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (holding the Government has an affirmative duty to disclose exculpatory evidence to a criminal defendant). Accordingly, the Court must determine whether the Government and The Hartford have met their burden of demonstrating special circumstances exist, and that the interests of justice necessitate a stay to avoid substantial and irreparable prejudice. *See Little Al,* 712 F.2d at 135.

Among the civil and criminal parties, there are three lawsuits: (1) the criminal prosecution; (2) the civil action; and (3) the civil cross-claim. Although Hoeffner is a defendant in the criminal prosecution and the civil action, he is the plaintiff in his civil cross-claim against The Hartford. Thus, Hoeffner's civil cross-claim is procedurally equivalent to a new civil lawsuit.

▬ Examining all the factors and weighing the competing interests, the Court notes that the similarity of issues in

---

standing to urge a stay because the Government is not a party to the civil action. The Government responds the United States may appear in any action in which it has an interest or in which its rights are affected whether it is a party or not. *See* 28 U.S.C. §§ 517, 547(2). However, whether the Government has standing or not, The Hartford, a party to the civil suit, has standing to request a stay. Thus, the Court considers whether a stay is warranted. *See also In re Ahead By A Length,*

*Inc.,* 78 B.R. 708, 710 (Bankr.S.D.N.Y.1987) (declining to address Government standing because the court found it had the discretion to order a stay *sua sponte* ).

**5.** The Court notes Hoeffner, in open Court, indicated he is reluctant but willing, at this time, to waive his Fifth Amendment right in order to pursue civil discovery against The Hartford.

the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay. *See Wood,* 2006 WL 3691115, at *2. In this case, the three lawsuits arise out of the same events: the settlements Hoeffner negotiated on behalf of his clients with The Hartford employees, Rossow and Prestage. In his cross-claim against The Hartford, Hoeffner alleges he is the victim of an extortion scheme perpetrated by Rossow and Prestage to defraud The Hartford, which supports Hoeffner's defense in the criminal action that he is not an active participant in the conspiracy alleged in the indictment. Thus, as a preliminary matter, the Court finds the substantial overlap of issues in the civil and criminal actions weighs heavily in favor of a stay. *See id.* (finding substantial overlap weighed heavily in favor of a stay when one person was a defendant in a civil insurance suit alleging insurance fraud and a criminal action alleging conspiracy to defraud); *see also Librado,* 2002 WL 31495988, at *2 (explaining that if there is significant overlap between pending civil and criminal cases, a defendant's self-incrimination is more likely).

Moreover, if civil discovery proceeds and Hoeffner, Rossow, and Prestage are deposed, they are entitled to assert a Fifth Amendment privilege to aspects of their testimony because the criminal prosecution, involving substantially the same issues, is still pending. *See Holden Roofing, Inc.,* 2007 WL 1173634, at *1. Additionally, even though Hoeffner asserts he is willing, at this time, to waive his Fifth Amendment rights, the testimony of Rossow and Prestage, The Hartford's former employees, may be necessary for The Hartford to establish a defense to Hoeffner's cross-claim against it. There is no guarantee any of the criminal defendants would ultimately waive their Fifth Amendment rights which could prejudice The Hartford in its efforts to defend against Hoeffner's

civil cross-claim. The Court finds The Hartford will suffer substantial and irreparable prejudice if the civil action proceeds before the criminal prosecution is resolved. *See Little Al,* 712 F.2d at 135. Thus, the criminal defendants' Fifth Amendment rights weigh heavily in favor of a stay to avoid prejudice to the other civil parties, especially The Hartford. *See Holden Roofing, Inc.,* 2007 WL 1173634, at *1 (finding that if depositions were permitted in a civil case related to a pending criminal case, a significant portion of questions posed to the defendants would likely result in the defendants asserting their Fifth Amendment rights, which weighed heavily in favor of a stay).

The civil action should also be stayed because Hoeffner, a criminal defendant, seeks discovery as a civil plaintiff. As a matter of equity and public policy, a criminal defendant may not institute a civil action to obtain discovery relating to the criminal case. *See Campbell,* 307 F.2d at 487 (holding that liberal civil discovery procedures are not a "back door" to information otherwise beyond reach under the criminal discovery rules); *see also Agran v. City of New York,* 95 Civ. 2170, 1996 WL 263023, *2, 1996 U.S. Dist. LEXIS 6699, *5 (S.D.N.Y. May 16, 1996) (staying federal civil action initiated by criminal defendants). The scope of criminal discovery is significantly narrower than the scope of civil discovery. *See Campbell,* 307 F.2d at 487. For example, criminal defendants may not obtain discovery from third parties or depose a prospective Government witness unless the prospective witness is unable to attend trial. *See In re Ahead By A Length, Inc.,* 78 B.R. at 711.

The fact that Hoeffner did not initiate the civil suit but instead filed a cross-claim is a distinction without a difference. Because Hoeffner seeks discovery in the civil suit that would be unavailable to him in the criminal suit, the Court de-

clines to allow Hoeffner to take advantage of the liberal civil discovery rules to request interrogatories from and depose The Hartford's current and former employees. *See id.* Moreover, permitting Hoeffner to depose prospective Government witnesses through civil discovery would substantially and irreparably prejudice the Government because it would allow Hoeffner to gain advance notice of the witnesses' testimony in the criminal prosecution and an opportunity to shape his own testimony.[6]

Furthermore, allowing Hoeffner discovery in the civil action would vitiate the rules of criminal discovery and establish a harmful incentive for future criminal defendants to file civil suits in order to avoid limitations imposed by the criminal discovery rules. *See Campbell,* 307 F.2d at 487 ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit."). The Court finds Hoeffner, a criminal defendant, may not file a cross-claim in a civil suit to obtain discovery relating to the criminal case against him. *See id.* Moreover, the Court finds the Government will suffer substantial and irreparable prejudice if the civil action proceeds before the criminal prosecution is resolved.[7] *See Little Al,* 712 F.2d at 135.

Thus, The Hartford and the Government have met their burden to show a stay of the civil suit is warranted. *Wedgeworth,* 706 F.2d at 545. Accordingly, the Court hereby

ORDERS that Defendant Cross–Claimant Warren Todd Hoeffner's Emergency Motion to Withdraw December 28, 2007 "Agreed" Stay Order is GRANTED. In its place, the Court hereby

ORDERS that this civil action, including arbitration, is hereby STAYED pending resolution of the underlying criminal charges against each criminal defendant, Warren Todd Hoeffner, Rachel Rossow, and John Prestage, respectively.

---

**6.** Moreover, the Government has an affirmative duty to disclose exculpatory evidence to a criminal defendant. *See Brady,* 373 U.S. at 87, 83 S.Ct. 1194. Although Hoeffner contends he cannot obtain the information he needs to defend himself in the criminal prosecution unless he goes directly to The Hartford using the civil discovery process, the Court is not persuaded. Rather than institute a civil action and subvert the civil discovery rules into a device for obtaining pretrial discovery to shape his defense in the criminal prosecution, Hoeffner may seek this information from the Government. *See id.* As the Government is no doubt aware, the suppression of evidence favorable to an accused violates due process, irrespective of the good faith or bad faith of the prosecution. *See id.*

**7.** The criminal prosecution is set for jury trial on June 9, 2008. Although the civil Plaintiffs and Hoeffner have an interest in expeditious litigation of the civil claims, the public's interest in law enforcement outweighs a potential six-month delay of the civil action. *See Holden Roofing, Inc.,* 2007 WL 1173634, at *2; *see also In re Ahead By A Length, Inc.,* 78 B.R. at 713 (granting a stay of the civil action for six months).