DICKINSON, Presiding Justice,
dissenting:
¶ 10. Because I believe the majority improperly is holding the trial judge committed reversible error for doing nothing more than complying with this Court’s rules, I respectfully dissent. Rule 4.04 of the Uniform Rules of Circuit and County Court Practice (“URCCC”) provides: "
All discovery must be completed within ninety days from service of an answer by the applicable defendant. Additional discovery time may be allowed with leave of court upon written motion setting forth good cause for the extension, ,.[3]
¶ 11. The answer in this lawsuit was filed on October 31, 2012. The trial judge held a hearing on the defendant’s .motion for summary judgment on April 23, 2013, well past the Uniform Circuit and County Court Rules’ ninety-day deadline for discovery. The record includes neither a “written motion setting forth good caiise” for an extension of discovery nor an order extending discovery.
¶ 12. The majority relies on Mississippi Rule of Civil Procedure 56(f), which provides:
When Affidavits Are Unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.[4]
*944 ¶ 13. The majority cites several propositions of law that, under the facts presented here, do not support the majority’s reversal. The majority cites law that says:
the party resisting summary judgment must present specific facts why he cannot oppose the motion and must specifically demonstrate “how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant’s showing of the absence of a genuine issue of fact.”[5]
The plaintiff presented no such facts. Instead, the plaintiffs counsel stated:
I’d like to see exactly what they knew, determine whether or not other injuries had occurred like this, who ... decided to design it this way and why, because I think ... at least that information would be useful if you were going to make a determination on foreseeability.
This statement amounts to nothing more than the desire for a fishing expedition.
¶ 14. The majority cites law that says that the “movant must show what steps they have taken to obtain access to the information allegedly within the exclusive possession of the other party.”[6] The plaintiff makes no such showing.
¶ 15. While I might have exercised discretion to allow additional time for discovery, it was the circuit judge’s call, and he did not. And I cannot join the majority’s finding of reversible error simply because the trial judge followed the rules. For this reason, I dissent.

. URCCC 4.04.

. Miss. R. Civ. P. 56(1) (emphasis added).

. Prescott v. Leaf River Forest Prods., Inc., 740 So.2d 301, 308 (Miss.1999) (quoting U.S. v. Little Al, 712 F.2d 133, 135 (5th Cir.1983)).

. Id. (citing 10A Wright, Miller & Kane, Federal Practice and Procedure, § 2741 at 549).