Reed O'Connor, UNITED STATES DISTRICT JUDGE
*762 Before the Court are Plaintiff United States of America's (the "Government") Motion for Summary Judgment (ECF No. 49 ), filed August 22, 2018; Claimant Dr. James Godwin's ("Claimant") Motion for Summary Judgment (ECF No. 52 ), filed the same day; and Claimant Dr. James Godwin's Motion to Dismiss (ECF No. 29 ), filed April 27, 2018. The motions are fully briefed and ripe for review. Having considered the motions, briefing, and applicable law, the Government's Motion for Summary Judgment (ECF No. 49 ), should be and is hereby GRANTED in part , Claimant's Motion for Summary Judgment (ECF No. 52 ), should be and is hereby DENIED in part , and Claimant's Motion to Dismiss (ECF No. 29 ), should be and is hereby DENIED .
I. BACKGROUND
Unless otherwise noted, the following facts are undisputed.[1] This in rem action concerns Defendant One Fossilized Tyrannosaurus Bataar Skull (the "Bataar Skull"), a skull fossil of the dinosaur species Tyrannosaurus Bataar, or Tarbosaurus Bataar, a close relative of the well-known Tyrannosaurus Rex. Bataars were large carnivorous animals that lived in present day Asia approximately seventy million years ago.[2] The first known Bataar fossils were discovered in the Nemegt Formation of the Gobi Desert in the 1940's. The Nemegt formation is a two-thousand square mile area of the Gobi Desert-entirely contained within the borders of Mongolia.
Over the past decade, the illicit trade of Mongolian Bataar fossils gained notoriety. In June 2012, the Government initiated a high-profile judicial forfeiture proceeding against a full Bataar Skeleton offered for sale at an auction in New York City. Later that year, the Government arrested the seller, Eric Prokopi, on charges associated with illegal dinosaur fossil smuggling. Prokopi eventually pled guilty and helped the Government identify a number of Mongolian fossils later recovered through uncontested civil forfeiture proceedings.
In this case, Richard Rolater co-owns a store named "By Nature Gallery" with Francis Rolater and Claimant. Richard Rolater deals in fossils, including imported Mongolian Fossils. Notably, in 2012, Rolater considered purchasing the Bataar Skeleton put up for auction by Prokopi in New *763 York City. In January 2012, By Nature Gallery purchased Defendant Bataar Skull from a trader named Brock Sisson. Sisson previously purchased the skull from a trader named George Heslep. Claimant Godwin ultimately purchased Defendant Bataar Skull from By Nature Gallery in February 2012 for a price of $ 190,000.
On June 15, 2012, the Government received a tip about a Bataar Skull displayed for sale at By Nature Gallery and began an investigation. On June 26, 2012, investigators interviewed Rolater-who provided information about five or six Bataar skulls sold by By Nature Gallery-and demanded he turn over records of other fossils imported into the United States. On July 18, 2012, Rolater emailed the Government 335 pages of records relating to various fossils sold at By Nature Gallery. The Government confirmed receipt of the records the same day. Included in those records were ten pages of records relating to the Defendant Bataar Skull.
On or about July 20, 2012, the Government's investigator and Rolater discussed the July 18 document production. Then, on July 23, 2012, Rolater emailed the investigator a list of nine bates ranges identifying page numbers of documents in the production that specifically related to nine different fossils. On August 1, 2012, the Government interviewed Rolater again and searched his home pursuant to a warrant.
On July 23, 2013, the United States obtained a warrant and seized Defendant Bataar Skull from Claimant's home in Wichita Falls, Texas. In March 2014, Rolater entered a guilty plea on a charge of conspiracy to smuggle Chinese fossils into the United States contrary to statute. The Government thereafter seized a Bataar skull, as well as a Gallimimus foot, from Rolater's residence in Colarado and obtained a forfeiture judgment by default.
On August 1, 2017, the Government filed this in rem asset forfeiture proceeding against Defendant Bataar Skull under Federal Rule of Civil Procedure G. Compl. 1, ECF No. 1. Pursuant to Rule G(2)(e), the Government requested an order of forfeiture under 19 U.S.C. § 1595a(c)(1), authorizing the United States to dispose of the property in accordance with law. Id. at 12-14.
II. LEGAL STANDARD
A. Summary Judgment
The Court may grant summary judgment where the pleadings and evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he substantive law will identify which facts are material." Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The movant must identify the basis of its motion and demonstrate from the record that no genuine dispute as to any material fact exists. See Celotex Corp. v. Catrett , 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
When reviewing the evidence on a motion for summary judgment, all reasonable doubts and inferences are viewed in the light most favorable to the non-movant. See Walker v. Sears, Roebuck & Co. , 853 F.2d 355, 358 (5th Cir. 1988). A court cannot make a credibility determination in light of conflicting evidence or competing inferences. Anderson , 477 U.S. at 255, 106 S.Ct. 2505. If there appears to be some support for disputed allegations, such that "reasonable minds could differ as to the import of the evidence," the motion must be denied. Id. at 250, 106 S.Ct. 2505.
*764 B. Burden of Proof
Forfeiture under Title 19 is exempt from the Civil Asset Forfeiture Reform Act. See 18 U.S.C. § 983(i)(2)(A). Therefore, the burden of proof in a forfeiture action brought under 19 U.S.C. § 1595a is established by the burden-shifting approach set forth in 19 U.S.C. § 1615. See U.S. v. Little Al , 712 F.2d 133, 137 (5th Cir. 1983) ; U.S. v. Davis , 648 F.3d 84 (2d Cir. 2011) ; United States v. One Lucite Ball Containing Lunar Material , 252 F. Supp.2d 1367, 1377 (S.D. Fla. 2003). Under that burden-shifting approach, "once the government establishes probable cause, the burden shifts to the claimant to rebut the probable cause showing or to establish an affirmative defense by a preponderance of the evidence." One Lucite Ball Containing Lunar Material , 252 F. Supp.2d at 1377.
Probable cause is defined as a "reasonable ground for belief of a fact supported by less than prima facie proof, but more than mere suspicion." United States v. One 1978 Chevrolet Impala , 614 F.2d 983, 984 (5th Cir. 1980). Probable cause for forfeiture may be established by circumstantial or hearsay evidence. United States v. One 1987 Mercedes 560 SEL , 919 F.2d 327, 331 (5th Cir. 1990) (citing Moore v. Sullivan , 895 F.2d 1065 (5th Cir. 1990) ). And it is the totality of the circumstances, not a minute parsing of each item of information, that leads to a finding of probable cause. Id. Finally, the "question of whether the facts are sufficient to constitute probable cause is a question of law." United States v. Melrose East Subdivision , 357 F.3d 493, 498 (5th Cir. 2004) ; see also United States v. One 1975 Ford F100 Pickup Truck , 558 F.2d 755, 757 (5th Cir. 1977) (holding summary judgment is proper on a showing of probable cause when evidence is undisputed and there is no genuine issue as to any material fact).
A preponderance of the evidence, on the other hand, generally requires the trier of fact "to believe that the existence of a fact is more probable than its nonexistence before [he] may find in favor of the party who has the burden to persuade the [judge] of the fact's existence." Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal. , 508 U.S. 602, 622, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993). But "[i]f unrebutted, a showing of probable cause alone will support a forfeiture." Little Al , 712 F.2d at 136 ; see also United States v. Parcels of Property , 9 F.3d 1000, 1005 (1st Cir. 1993) ("denials alone, unaccompanied by offers of proof, [are] insufficient to rebut a showing of probable cause"). To rebut a showing of probable cause, a claimant must introduce evidence to show property was gained legitimately. See One 1987 Mercedes , 919 F.2d at 331. Notably, self-serving testimony alone, in the absence of exculpatory evidence, will not rebut a showing of probable cause. Id.
III. ANALYSIS
The Government brings this suit consistent with Federal Rule of Civil Procedure G, which governs "forfeiture action(s) in rem arising from a federal statute." FED. R. CIV. P. G(1). The Government moves for summary judgment on its 19 U.S.C. 1595a(c)(1)(A) claim-the only claim underlying the forfeiture action. See Pl.'s. Br., ECF No. 50. Claimant argues, among other things, that the Government's claims are barred by the statute of limitations. See Def.'s Br., ECF No. 53.
A. Statute of Limitations
If the Government failed to file this lawsuit within the applicable statutory period, there is no need to decide the merits. Accordingly, the Court first considers Claimant's statute of limitations defense.
*765 Claimant argues the Government did not file its complaint before the five-year statute of limitations expired. Def.'s Br. 9, ECF No. 53. Claimant asserts that the Government possessed sufficient facts to discover the offense on July 18, 2012, and the complaint was therefore impermissibly filed more than five years later, on August 1, 2017. Def.'s Resp. 24, ECF No. 56. The Government responds that the action is timely because it was filed within five years of seizing the Defendant Bataar Skull inside the United States. Pl.'s Br. 30, ECF No. 50. The Government alternatively argues that the statute of limitations began to run no earlier than August 1, 2012, because an interview on that date confirmed the existence of the Defendant Bataar Skull. Id. at 32.
The parties primarily disagree over the legal meaning of "discovered" in 19 U.S.C. § 1621, which states, in pertinent part, "[n]o suit...shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered." But regardless of the precise legal meaning, the parties also disagree about the day-July 18, July 23, August 1, or some other date-the Government discovered the offense.[3] The Court cannot make a credibility determination in light of competing inferences as to whether the government actually discovered the offense on a certain date. See Anderson , 477 U.S. at 255, 106 S.Ct. 2505 ; see also United States v. $ 515,060.42 in U.S. Currency , 152 F.3d 491, 502 (6th Cir. 1998) (explaining that "the district court's determination of the timing of the Government's discovery and the concomitant triggering of the statute of limitations under 19 U.S.C. § 1621 was a factual determination"). Accordingly, the Government raised a genuine issue of material fact over when it discovered the offense for statute of limitations purposes. Therefore, Claimant's motion for summary judgment on his statute of limitations defense is DENIED .
B. Merchandise Violating 19 U.S.C. § 1595a
Turning to the merits, the Government asserts it has established, as a matter of law, probable cause to believe Defendant Bataar Skull was introduced into the United States in violation of 19 U.S.C. § 1595a. Pl.'s Br. 33, ECF No. 50. Section 1595a(c)(1)(A) covers merchandise "introduced into the United States contrary to law" and allows the Government to seize such merchandise if it "is stolen, smuggled, or clandestinely imported or introduced." 19 U.S.C. § 1595a(c)(1)(A). The Government first argues Defendant Bataar Skull was "stolen" and introduced into the United States "contrary to law" because it was taken from Mongolia in violation of Mongolian law. Pl.'s Br. 33, ECF No. 50. Alternatively, the Government argues Defendant Bataar Skull was introduced into the United States "contrary to law" because bringing the fossil into the United States violated the National Stolen Property Act ("NSPA"). Id. at 38.
Claimant responds that the Government fails to satisfy both its burden of proving that the Defendant Bataar Skull was stolen and its burden of proving Defendant Bataar Skull was introduced contrary law.[4] Def.'s Resp. 31, ECF No. 56.
*766 Because the Court finds Claimant presents no evidence to rebut the United States' claim that the Defendant Bataar Skull was introduced into the United States contrary to the NSPA, it need not decide whether "contrary to law" includes violations of Mongolian law.[5]
1. Elements of the National Stolen Property Act Violation
The Government argues that Defendant Bataar was introduced into the United States in violation of the NSPA. Pl.'s Br. 38, ECF No. 50. Claimant responds that the Government's NSPA argument relies on a faulty premise that the Bataar was stolen. Def's. Resp. 28, ECF No. 56. An NSPA violation includes three requirements: (1) transportation in interstate or foreign commerce of property; (2) valued at $ 5,000 or more; (3) with knowledge that the property was stolen, converted, or taken by fraud. See 18 U.S.C. §§ 2314 - 2315 ; Davis , 648 F.3d at 89. The Court addresses each element in turn.
a. Transportation in Foreign Commerce and Value
The Government argues the Defendant Bataar was transported in foreign commerce when it was originally introduced to the United States and in interstate commerce when it was transported to By Nature Gallery in Colorado, and later to Dr. Godwin in Texas. Pl.'s Br. 39, ECF No. 50. The Government also argues the value of the Defendant Bataar is well over the $ 5,000 threshold required by the NSPA because the skull was appraised at $ 225,000 and sold to Godwin for $ 190,000. Id. Claimant concedes that the Bataar Skull was transported in foreign or interstate commerce and does not refute that the Bataar skull is valued at more than $ 5,000. See Def.'s Resp. 37-41, ECF No. 56. Therefore, the Court considers whether it was transported with knowledge that the property was stolen, converted, or taken by fraud.
b. Stolen, Converted, or Taken by Fraud
Both 19 U.S.C. § 1595a and the NSPA include a requirement that the property at issue be "stolen." The Government argues the Defendant Bataar Skull was stolen in violation of Mongolian law and that the evidence establishes the Skull was stolen for purposes of both 19 U.S.C. § 1595a and the NSPA. Pl.'s Br. 33-45, ECF No. 50. The Government relies on the fact that all known Bataar fossils originated from the Nemegt Basin in Mongolia, that Mongolia asserts ownership over fossils found within its borders, and that the Mongolian government did not grant permission to export the Defendant Bataar Skull. Id. at 35-38. Therefore, the Government argues, the Defendant Bataar Skull must necessarily be stolen. Id. Claimant argues that the Government cannot prove that the Bataar Skull was stolen or that it was transported with knowledge that it was stolen. Def.'s Resp. 31-37, ECF No. 56.
Probable cause for forfeiture requires that the Government show "reasonable ground for belief of a fact supported by less than prima facie proof, but more than mere suspicion."
*767 One 1978 Chevrolet Impala , 614 F.2d at 984. Here, the totality of the circumstances established probable cause for forfeiture because the Government found a privately owned Bataar skull within the United States, Bataar discoveries are common in Mongolia, no confirmed Bataar skull discoveries have occurred outside of Mongolia, and Mongolia asserts a claim of ownership over Bataar skulls found within its borders. See Def.'s Br. 1-3, ECF No. 53 ("One such Bataar died in what is now known as the Nemegt Formation, a portion of the Gobi desert that is located in Mongolia, and its fossilized skull is the defendant in this case."); Def.'s Resp. Ex. 7 ( PHILLIP J. CURRIE , Therapods from the Cretacious of Mongolia , in THE AGE OF DINOSAURS IN RUSSIA AND MONGOLIA 434, 438-50), at App. 131-148.; Pl.'s Br. Ex. 25 (Ownership Letter from Embassy of Mongolia), at App. 638-640; Pl.'s Br. Ex. 11 (Seizure Warrant) at App. 454-468. The Court finds that these facts establish a reasonable ground for belief, supported by more than mere suspicion, that the Defendant Bataar Skull entered the United States illegally and was stolen for purposes of the NSPA and 19 U.S.C. § 1595a.
Notably, the burden-shifting approach to civil forfeiture is structured in a way that allows Claimant to overcome the Government's showing of probable cause if he believes the evidence does not support the Government's claim. See Davis , 648 F.3d at 84 ; Little Al , 712 F.2d at 137. Under the burden-shifting approach, Claimant can regain ownership of seized property if he provides evidence rebutting that presented by the Government or proving legitimate ownership. See One 1987 Mercedes , 919 F.2d at 331. Then, the factfinder can determine whether Claimant has rebutted the Government's show of probable cause by a preponderance of the evidence. But "[i]f unrebutted, a showing of probable cause alone will support a forfeiture." Little Al , 712 F.2d at 136 ; see also Parcels of Property , 9 F.3d at 1005 ("denials alone, unaccompanied by offers of proof, [are] insufficient to rebut a showing of probable cause"). Here, Claimant objected to the factual and legal arguments presented by the Government, but ultimately failed to provide exculpatory evidence necessary to rebut the Government's showing of probable cause. See Def.'s Resp., ECF No. 50. Accordingly, summary judgment is proper because Claimant failed to rebut the Government's showing of probable cause and there is no genuine issue as to any material fact supporting the Government's showing of probable cause.[6] The Court finds that the Government's Motion for Summary Judgment on its 19 U.S.C § 1595a claim should be and is hereby GRANTED .[7]
IV. CONCLUSION
For the reasons stated above, Plaintiff United States of America's Motion for Summary Judgment (ECF No. 49 ), should be and is hereby GRANTED in part , *768 Claimant Dr. James Godwin's Motion for Summary Judgment (ECF No. 52 ), should be and is hereby DENIED in part , and Claimant Dr. James Godwin's Motion to Dismiss (ECF No. 29 ), should be and is hereby DENIED . The only issue remaining for disposition in this lawsuit is Claimant's statute of limitations defense.
This case is therefore set for trial solely on the statute of limitations issue on Monday, November 19, 2018, at 2:00 p.m. in the Second Floor Courtroom of the Eldon B. Mahon United States Courthouse, located at 501 W. 10th Street, Fort Worth, Texas . Counsel for the parties are ORDERED to file amended witness and exhibit lists limited to the statute of limitations issue no later than November 14, 2018. In the meantime, the parties shall meet and confer regarding the exhibits to be admitted and attempt to resolve any differences so they may be preadmitted. Finally, because Claimant carries the burden of proof on his limitations defense, he will proceed first at trial.
SO ORDERED on this 9th day of November, 2018 .

See Pl.'s. Br. Mot. Summ. J, ECF No. 50 [hereinafter "Pl.'s Br."] ; Def.'s Br. Mot. Summ. J., ECF No. 53 [hereinafter "Def.'s Br."] ; Pl.'s Resp. Mot. Summ. J., ECF No. 59 [hereinafter "Pl.'s. Resp."] ; Def.'s Resp. Mot. Summ. J., ECF No. 56 [hereinafter "Def.'s Resp."].

Ironically, though Defendant Bataar Skull presumably sat undisturbed in the Nemegt Basin for millions of years, the current disagreement seems to hinge on the Court's interpretation of actions taking place over a period of just 14 days. But law will find a way. Cf. Michael Crichton , Jurassic Park (1990).

Claimant also briefly asserts that he is an "innocent bona fide purchaser." Def's. Br. Resp. 44, ECF No. 56. But the innocent owner defense is inapplicable to 19 U.S.C. 1595a forfeitures. See United States v. 2011 Jeep Grand Cherokee , 2013 WL 12106221, at *11 (W.D. Tex., Oct. 9, 2013) (explaining that "a forfeiture under § 1595a... has no good faith or innocent owner defense").

However, Fifth Circuit precedent does indicate that "contrary law" refers to violations of United States law. See United States v. One Gates Learjet Serial No. 28004 , 861 F.2d 868, 873 (5th Cir. 1988) (holding that merchandise may be seized and forfeited under 19 U.S.C. § 1595a if it was introduced "into the United States in violation of the law of the United States").

Importantly, while the Court need not rule on Mongolian law to decide this matter, the Federal Rules of Civil Procedure make clear that a court's determination of foreign law "must be treated as a ruling on a question of law," not a question of fact. See Fed. R. Civ. P. 44.1.

The Court also finds that the Government adequately pleaded violations of the NSPA and 19 U.S.C. § 1595a in its Amended Complaint. See Am. Compl., ECF No. 18. Further, the analysis above demonstrates that the Government alleged enough facts to state a claim for forfeiture that was plausible on its face, considering that the Government pleaded the Defendant Bataar Skull was seized in the United States, was discovered in the Nemegt Basin, that Mongolian law does not allow for private ownership of fossils, and that the Defendant Bataar was thus stolen. Id. Accordingly, the Court finds that Claimant's Motion to Dismiss (ECF No. 29 ) should be and is hereby DENIED .