# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-CT-01238-SCT

*KHAMBRAYA STANLEY, AND GENEVA*
*WINCHESTER, MOTHER AND NEXT FRIEND*
*OF JEANETTE WINCHESTER, A MINOR*

*v.*

*SCOTT PETROLEUM CORPORATION*

### ON WRIT OF CERTIORARI

DATE OF JUDGMENT:                06/25/2013
TRIAL JUDGE:                     HON. W. ASHLEY HINES
TRIAL COURT ATTORNEYS:           WILLIAM D. MONTGOMERY
                                 SAM S. THOMAS
COURT FROM WHICH APPEALED:       LEFLORE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANTS:         WILLIAM D. MONTGOMERY
ATTORNEY FOR APPELLEE:           SAM S. THOMAS
NATURE OF THE CASE:              CIVIL - PERSONAL INJURY
DISPOSITION:                     REVERSED AND REMANDED - 02/11/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.    The two plaintiffs in this case were struck by a vehicle while standing at a walk-up

window paying for fuel at a gas station owned by Scott Petroleum Corporation. The trial

court granted Scott Petroleum's motion for summary judgment, denying the plaintiffs'

request for a continuance under Mississippi Rule of Civil Procedure 56(f). The Court of

Appeals affirmed. We granted the plaintiffs' petition for writ of certiorari to address whether

the trial court erred in refusing to grant a Rule 56(f) continuance prior to granting summary

judgment. We find that the trial court should have granted the continuance to permit more discovery, and therefore we reverse the grant of summary judgment as well as the Court of Appeals' judgment and remand the case to the trial court for further proceedings.

## FACTS & PROCEDURAL HISTORY

¶2.     Khambraya Stanley and Jeanette Winchester were purchasing fuel at a gas station owned and operated by Scott Petroleum when they were struck from behind by an out-of-control car. The gas station was located at the corner of Highways 7 and 82 in Greenwood, Mississippi. Both Stanley and Winchester were standing between the walk-up window and a set of vending shelves containing drinks for purchase. The car collided with the vending shelves, knocking them into Stanley and Winchester, causing injuries. According to the police report, the car's brakes purportedly malfunctioned as the car was attempting to slow down at the intersection of Highways 7 and 82. The car then entered the gas-station parking lot, traveling at approximately forty-five miles per hour.

¶3.     Stanley and Winchester filed suit against Scott Petroleum in the Leflore County Circuit Court, alleging negligence, gross negligence, and respondeat superior. They asserted that Scott Petroleum required its patrons to stand in an unreasonably dangerous spot and that, even though it had erected iron and concrete bollards (posts) around the store, gas pump, and a power pole, it had placed neither barriers nor a curb around the walk-up window. Scott Petroleum had posted a sign on the side of the side of the store that said: "CAUTION! BE SAFE AND ALERT. WATCH OUT FOR MOVING VEHICLES."

2

¶4.     With only written discovery completed, Scott Petroleum filed a motion for summary judgment. The plaintiffs opposed the motion and alternatively requested a continuance under Rule 56(f) of the Mississippi Rules of Civil Procedure so they could obtain affidavits, take depositions, and complete discovery. The court conducted a hearing on the motion. In support of their request for a continuance, the plaintiffs specifically asked the court to refrain from determining foreseeability (and therefore whether Scott Petroleum owed the plaintiffs a duty) until the property inspection was complete, the expert reports were in, and the plaintiffs had deposed Scott Petroleum.[1] The trial court granted Scott Petroleum's motion for summary judgment, finding that Scott Petroleum did not have a duty to erect barriers to protect Stanley from the type of accident involved in this case. The Court of Appeals affirmed, and we granted certiorari review.

## DISCUSSION

¶5.     Mississippi Rule of Civil Procedure 56(f) provides:

> **When Affidavits Are Unavailable.** Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

---

[1] The plaintiffs' attorney stated at the hearing:

I'd like to see exactly what they knew, determine whether or not other injuries had occurred like this, who . . . decided to design it this way and why, because I think . . . at least that information would be useful if you were going to make a determination on foreseeability.

3

Miss. R. Civ. P. 56(f). The rule protects against improvident or premature grants of summary judgment and is to be applied liberally. *Owens v. Thomae*, 759 So. 2d 1117, 1121 (Miss. 1999) (quoting 10B Charles Alan Wright & Arther R. Miller, *Federal Practice and Procedure* § 2740 at 402 (3d ed. 1998)).[2] Neither written requests nor affidavits are required. *Owens*, 759 So. 2d at 1121-22 (citations omitted). "However, the party resisting summary judgment must present specific facts why he cannot oppose the motion and must specifically demonstrate 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Prescott v. Leaf River Forest Prods., Inc.*, 740 So. 2d 301, 308 (Miss. 1999) (quoting *U.S. v. Little Al*, 712 F.2d 133, 135 (5th Cir. 1983) (internal citations omitted)). The movant must "show what steps they have taken to obtain access to the information allegedly within the exclusive possession of the other party." *Id.* (citing 10A Wright, Miller & Kane, *Federal Practice and Procedure*, § 2741 at 549). If additional time is granted, it should be premised on the court's conclusion that ". . . the party opposing summary judgment [has] been diligent and [has] acted in good faith." *Owens*, 759 So. 2d at 1121 (citations omitted). The trial court's denial of a Rule 56(f) motion is reviewed for abuse of discretion. *Id*. at 1120.

¶6.     While premises owners do not have a duty "to erect protective barriers to insure the safety of patrons inside [a] store" or "to protect against runaway vehicles where such incidents would be unforeseeable," such a duty can arise depending on the factual

---

[2] "Because our rules are generally modeled after the Federal Rules of Civil Procedure, we often consider federal authority when construing similar rules." *BB Buggies, Inc. v. Leon*, 150 So. 3d 90, 96 (Miss. 2014) (citing *Gray v. Gray*, 562 So. 2d 79, 82 (Miss. 1990)).

circumstances of a given case. ***Cheeks v. AutoZone, Inc.***, 154 So. 3d 817, 824 (Miss. 2014). In ***Cheeks***, a case involving similar factual background to the instant case, the question of foreseeability was determined after discovery was complete and all evidence had been presented to the court and jury. ***Id***. Regardless of the ultimate merits of the case, it was appropriate to make that determination after the completion of all relevant discovery.

¶7.     We find that the plaintiffs in this case complied with Rule 56(f) by presenting specific facts indicating why additional time for discovery would assist them in opposing the motion for summary judgment.  Here, the circuit court ruled that Scott Petroleum owed no duty without first allowing the plaintiffs to conduct sufficient discovery to determine if a duty had arisen. Only written discovery had been completed, and the plaintiffs were actively in the process of conducting a property inspection, compiling expert reports, and preparing to depose the defendant.  Similar evidence was critical to this Court's finding of a duty in ***Cheeks***, and further discovery in this case could have brought forward more facts relevant to a determination of foreseeability and subsequently to whether Scott Petroleum owed a duty to the plaintiff. *See **Cheeks***, 154 So.3d at 824.  The plaintiffs' request for a continuance was reasonable and consistent with Rule 56(f)'s purpose of preventing a premature grant of summary judgment, and the trial court abused its discretion by denying it. The Rule 56(f) continuance should have been granted. We therefore reverse the grant of summary judgment and the Court of Appeals' judgment and remand the case to the trial court for further proceedings.

**CONCLUSION**

5

¶8. For the foregoing reasons, we reverse the judgment of the Court of Appeals and the Leflore County Circuit Court and remand this case for further proceedings consistent with this opinion.

¶9. **REVERSED AND REMANDED.**

**RANDOLPH, P.J., LAMAR, KITCHENS, KING AND COLEMAN, JJ., CONCUR. DICKINSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION. MAXWELL, J., NOT PARTICIPATING.**

**DICKINSON, PRESIDING JUSTICE, DISSENTING:**

¶10. Because I believe the majority improperly is holding the trial judge committed reversible error for doing nothing more than complying with this Court's rules, I respectfully dissent. Rule 4.04 of the Uniform Rules of Circuit and County Court Practice ("URCCC") provides:

> All discovery must be completed within ninety days from service of an answer by the applicable defendant. Additional discovery time may be allowed with leave of court upon written motion setting forth good cause for the extension. . . .[3]

¶11. The answer in this lawsuit was filed on October 31, 2012. The trial judge held a hearing on the defendant's motion for summary judgment on April 23, 2013, well past the Uniform Circuit and County Court Rules' ninety-day deadline for discovery. The record includes neither a "written motion setting forth good cause" for an extension of discovery nor an order extending discovery.

¶12. The majority relies on Mississippi Rule of Civil Procedure 56(f), which provides:

---

[3] URCCC 4.04.

6

When Affidavits Are Unavailable. Should it appear from the affidavits of a party opposing the motion that he ***cannot*** for reasons stated present by affidavit facts essential to justify his opposition, the court ***may*** refuse the application for judgment or ***may*** order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or ***may*** make such order as is just.[4]

¶13.    The majority cites several propositions of law that, under the facts presented here, do not support the majority's reversal.  The majority cites law that says:

the party resisting summary judgment must present specific facts why he cannot oppose the motion and must specifically demonstrate "how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact."[5]

The plaintiff presented no such facts.  Instead, the plaintiff's counsel stated:

I'd like to see exactly what they knew, determine whether or not other injuries had occurred like this, who . . . decided to design it this way and why, because I think . . . at least that information would be useful if you were going to make a determination on foreseeability.

This statement amounts to nothing more than the desire for a fishing expedition.

¶14.    The majority cites law that says that the "movant must show what steps they have taken to obtain access to the information allegedly within the exclusive possession of the other party."[6]  The plaintiff makes no such showing.

---

[4] Miss. R. Civ. P. 56(f) (emphasis added).

[5] ***Prescott v. Leaf River Forest Prods., Inc.***, 740 So. 2d 301, 308 (Miss. 1999) (quoting ***U.S. v. Little Al***, 712 F.2d 133, 135 (5th Cir. 1983)).

[6] ***Id***. (citing 10A Wright, Miller & Kane, *Federal Practice and Procedure*, § 2741 at 549).

¶15.     While I might have exercised discretion to allow additional time for discovery, it was the circuit judge's call, and he did not.  And I cannot join the majority's finding of reversible error simply because the trial judge followed the rules.  For this reason, I dissent.