# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00645-COA

**FERLISI BRAY, RUBY JANELL MOORE,**             **APPELLANTS**
**CASSANDRA FAY BERRY, KIMBERLY**
**AUTMAN-SEVRANEK, HELEN AUTMAN,**
**MARILYN AUTMAN-WALLACE, HELEN**
**CHERIE AUTMAN-AULTMAN, SHELLY**
**CHERIE AUTMAN-SMITH, BRENDA AUTMAN-**
**DARDEN, LINDA AUTMAN-MCDONALD,**
**SHARON AUTMAN-BROOKS, CATHERINE**
**AUTMAN, DOROTHY ANN AUTMAN WARD,**
**ERTHA WOOTEN WATSON AND JOHNNY**
**LEE HARRIS**

**v.**

**RUFUS WOOTEN, DOROTHY WOOTEN,**             **APPELLEES**
**SHEDRICK WOOTEN, FLORA WOOTEN AND**
**MISSISSIPPI POWER COMPANY**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/11/2014 |
| TRIAL JUDGE: | HON. JOSEPH KILGORE |
| COURT FROM WHICH APPEALED: | KEMPER COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | JAMES A. WILLIAMS |
| ATTORNEYS FOR APPELLEES: | KARL CRAWFORD HIGHTOWER |
| | WILLIAM B. JACOB |
| | BEN HARRY STONE |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED: 08/22/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., BARNES AND FAIR, JJ.

### GRIFFIS, P.J., FOR THE COURT:

¶1.     This case considers a dispute as to the proper ownership or title to property located

in Kemper County, Mississippi.  Ferlisi Bray and several heirs-at-law of Frank Wooten Jr.

(collectively referred to as "Bray) challenged the title of land owned by the heirs of Rufus Wooten Sr. (collectively referred to as "Wooten") and Mississippi Power Company. Mississippi Power is a party to this action because the land in issue would be used by Mississippi Power's Kemper County coal plant due to the large lignite coal deposits contained in the land. The Chancery Court of Kemper County granted summary judgment. We find no error and affirm.

FACTS

¶2.     On January 11, 1925, Frank Wooten Jr. died intestate. He left 126 acres of land in Kemper County to his wife, Pearlie Wooten, and his ten children.

¶3.     By deed dated October 20, 1933, Frank Jr.'s ten children conveyed their interest in the land to Pearlie. The deed was signed by two minor children: Phenolia Wooten (born on October 15, 1916), and Trecia Wooten (born on August 12, 1917).

¶4.     On November 11, 1952, Pearlie conveyed the land to her children in three separate conveyances. She conveyed sixty-six acres to Rufus Sr. She also conveyed twenty acres to Arthur Wooten. She then conveyed forty acres to her remaining eight children. At the time of the conveyance, Pearlie lived with Rufus Sr. and his family in the house on the land. Arthur resided in a nearby house that was also on the property.

¶5.     Pearlie died in 1964. That same year, Arthur conveyed his twenty-acre tract to Rufus Sr., who continued to live and work on the land until his death in 2006. At Rufus Sr.'s death, the property passed to his sons, Rufus Wooten Jr. and Shedrick Wooten, through a series of

2

leases and conveyances. Bray claims an interest in this land.

¶6.    Bray also claims an interest in the land conveyed by Wooten and Kenny Wooten to Mississippi Power. Mississippi Power intended to use the land for the Kemper County coal plant due to the large lignite coal deposits contained in the land. This conveyance gave rise to the current action against Mississippi Power.

## PROCEDURAL HISTORY

¶7.    On September 6, 2013, Bray filed a complaint in Kemper County Chancery Court to quiet title in the entire 126 acres. Bray alleged that the 1933 and 1952 deeds were invalid and the land passed to Frank Jr.'s heirs-at-law. The primary argument was that the 1933 deed was invalid because two minors signed the deed.

¶8.    On October 2, 2013, Bray filed a first amended complaint. Wooten answered the complaint the following day. On October 28, 2013, Mississippi Power filed its responsive pleading, which included a counterclaim for adverse possession.

¶9.    On November 4, 2013, Wooten propounded discovery. The discovery included requests for admissions, which Bray failed to answer in a timely manner. On January 2, 2014, Wooten filed a motion to deem the requested matters admitted. On January 15, 2014, Bray filed a motion to withdraw the deemed admissions.

¶10.    On March 3, 2014, Wooten filed a motion for summary judgment. In the motion for summary judgment, Wooten argued that Bray failed to dispute the validity of the 1933 deed and did not demonstrate any renunciation by the minors. Thus, Wooten argued that this

inaction validated the 1933 deed and the subsequent deeds, which entitled him to a judgment as a matter of law.

¶11. On April 15, 2014, Bray filed a motion for a continuance. Bray asked for additional time to file a second amended complaint, to respond to Wooten's motion for summary judgment, and to obtain documents in discovery.

¶12. At a hearing on April 16, 2014, the chancellor heard arguments on both the motion for a continuance and the motion for summary judgment. The chancellor denied the continuance, but reserved his decision on summary judgment for a written opinion.

¶13. On May 12, 2014, Chancellor Joseph Kilgore issued his order and opinion. As part of the order, the chancellor granted Bray's request to withdraw the deemed admissions and granted summary judgment in favor of Wooten and Mississippi Power.

¶14. On July 15, 2014, Chancellor Edward Fenwick entered a final judgment, signed by all counsel, that incorporated the May 12 opinion and order.

¶15. On July 25, 2014, Bray filed a motion for a new trial. Wooten responded with a motion to strike and for sanctions. Wooten argued that Bray's motion was untimely. Mississippi Power joined Wooten's motion, but not the request for sanctions.

¶16. Chancellor Kilgore held a hearing on November 5, 2014. Then, on January 14, 2015, Chancellor Kilgore entered an opinion and order that denied the request for sanctions and denied Bray's motion for a new trial. The chancellor found that Wooten mistakenly sent the final judgment to Chancellor Fenwick and ruled that his original May 12, 2014 order was the

4

final judgment in the case. The chancellor further treated Bray's motion as one for relief from a judgment under Mississippi Rule of Civil Procedure 60(b), and denied the motion. It is from this order that Bray appeals.

ANALYSIS

1. *Whether the Court has jurisdiction over this appeal in light of Bray's untimely filing of a notice of appeal.*

¶17. We begin with the jurisdictional issues. Mississippi Power argues that the Bray's notice of appeal was untimely. It claims that the final judgment was Chancellor Kilgore's Order and Opinion dated May 12, 2014. Thus, since the Bray's notice of appeal was not filed until February 10, 2015, it was almost seven months late, and this appeal should be dismissed.

¶18. "[W]e review questions of law, such as jurisdiction, utilizing a de novo standard of review." *Weeks v. State*, 139 So. 3d 727, 729 (¶5) (Miss. Ct. App. 2013) (citing *Whetstone v. State*, 109 So. 3d 616, 618 (¶6) (Miss. Ct. App. 2013)). Mississippi Power argues that Chancellor Kilgore's January 14, 2015 order stated that his final order was the May 12, 2014 order. Thus, Mississippi Power contends that Bray did not timely perfect the appeal. Bray counters that Mississippi Power did not join Wooten's motion for summary judgment or move separately for summary judgment, meaning the chancellor's judgment was not final. We address both of these arguments.

¶19. "A final, appealable, judgment is one that adjudicates the merits of the controversy and settles all the issues as to all the parties and requires no further action by the lower

5

court." *Jennings v. McCelleis*, 987 So. 2d 1041, 1042 (¶4) (Miss. Ct. App. 2008) (quotation marks omitted) (quoting *Walters v. Walters*, 956 So. 2d 1050, 1053 (¶8) (Miss. Ct. App. 2007)). "Generally, only final judgments are appealable." *Walters*, 956 So. 2d at 1053 (¶8) (quoting *M.W.F. v. D.D.F.*, 926 So. 2d 897, 899 (¶4) (Miss. 2006)).

¶20.    Mississippi Rule of Civil Procedure 58 provides:

> Every judgment shall be set forth on a separate document which bears the title of "Judgment." However, a judgment which fully adjudicates the claim as to all parties and which has been entered as provided in M.R.C.P. 79(a) shall, in the absence of prejudice to a party, have the force and finality of a judgment even if it is not properly titled. A judgment shall be effective only when entered as provided in M.R.C.P. 79(a).

In his January 14, 2015 "Opinion and Order," Chancellor Kilgore ruled:

> This order was filed in the office of the Chancery Clerk on May 12, 2014. Although this judgment was styled "Opinion and Order" and was clearly intended to be a final resolution to the action, counsel for Wooten acknowledged that he drafted a document entitled "Final Judgment'" and mistakenly submitted same to the other Chancery Judge in the district, who signed this order on the 11th day of July, 2014.

¶21.    The chancellor's May 12, 2014 order was entitled "Opinion and Order." It did not comply with Mississippi Rule of Civil Procedure 58, which clearly requires that a final judgement be titled "Final Judgment" in order to be considered one. A further analysis through Mississippi Rule of Civil Procedure 79(a) does not support the chancellor's ruling.

¶22.    Therefore, we find that the chancellor's May 12, 2014 Opinion and Order was not a final, appealable judgment, and it did not have the force and finality of a judgment. The fact that the parties' attorneys prepared and signed a "Final Judgment" supports our decision.

6

Had it been submitted to the correct chancellor, there would be no argument that the notice of appeal was untimely. Regardless, the earliest possible appealable "final judgment" in this case was the Final Judgment that was signed on July 11, and entered on July 15, 2014. The motion for a new trial was filed on July 25, 2014, which was within ten days as required by Mississippi Rule of Civil Procedure 59(b). Because the notice of appeal was filed within thirty days of the chancellor's January 14, 2015 "Opinion and Order," we find no merit to this issue.

> 2. *Whether the chancellor erred by failing to grant a continuance before considering the motion for summary judgment.*

¶23. Bray asked for a continuance the day before the hearing on the motion for summary judgment. Mississippi Rule of Civil Procedure 56(f) states:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

Rule 56(f) expressly provides that the chancellor has the discretion to grant a continuance before deciding a motion for summary judgment.

¶24. Recently, in *Stanley v. Scott Petroleum Corp.*, 184 So. 3d 940, 942 (¶5) (Miss. 2016), the supreme court made the following finding about Mississippi Rule of Civil Procedure 56(f):

> The rule protects against improvident or premature grants of summary judgment and is to be applied liberally. *Owens v. Thomae*, 759 So. 2d 1117, 1121 (Miss. 1999) (quoting 10B Charles Alan Wright & Arther R. Miller,

7

*Federal Practice and Procedure* § 2740 at 402 (3d ed. 1998)). Neither written requests nor affidavits are required. *Owens*, 759 So. 2d at 1121-22 (citations omitted). "However, the party resisting summary judgment must present specific facts why he cannot oppose the motion and must specifically demonstrate 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Prescott v. Leaf River Forest Prods., Inc*., 740 So. 2d 301, 308 (Miss. 1999) (quoting *United States v. Little Al*, 712 F.2d 133, 135 (5th Cir. 1983)). The movant must "show what steps they have taken to obtain access to the information allegedly within the exclusive possession of the other party." *Id*. (citing 10A Wright, Miller & Kane, *Federal Practice and Procedure*, § 2741 at 549). If additional time is granted, it should be premised on the court's conclusion that "the party opposing summary judgment has been diligent and has acted in good faith." *Owens*, 759 So.2d at 1121 (citations omitted). The trial court's denial of a Rule 56(f) motion is reviewed for abuse of discretion. *Id.* at 1120.

¶25. The complaint was filed on September 6, 2013, and the defendants filed responsive pleadings in October. Discovery began in November. The motion for summary judgment was filed on March 3, 2014, six months after the case began, and was set for hearing on April 16, 2014. The motion for a continuance was filed on April 15th.

¶26. *Stanley* makes it very clear what the movant must offer to be entitled to a continuance. First, the movant "*must* present specific facts why he cannot oppose the motion and *must* specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Stanley*, 184 So. 3d at 942 (¶5) (quotation marks omitted). Second, "[t]he movant must show what steps they have taken to obtain access to the information allegedly within the exclusive possession of the other party." *Id.* (quotation marks omitted). Third, "[i]f additional time is granted, it should be premised on the court's conclusion that the party

8

opposing summary judgment has been diligent and has acted in good faith." *Id.* (quotation marks omitted). Based on this information, this Court will consider whether the chancellor abused his discretion in denying the motion for a continuance. Here, Bray does not offer sufficient information for this Court to conclude that Chancellor Kilgore abused his discretion when he denied the continuance. Bray has failed to present sufficient information required by *Stanley*. As a result, we find no merit to this issue.

  *3. Whether the chancellor erred in granting summary judgment.*

¶27. Next, Bray challenges the chancellor's decision to grant summary judgment.

¶28. In *Karpinsky v. American National Insurance*, 109 So. 3d 84, 88-89 (¶¶9-11) (Miss. 2013), the Mississippi Supreme Court ruled:

> I. Standard of Review
>
> We review the grant or denial of a motion for summary judgment de novo, viewing the evidence in the light most favorable to the party against whom the motion has been made.
>
> II. The Summary Judgment Standard
>
> Summary judgment is appropriate and shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Importantly, the party opposing summary judgment may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, will be entered against him.
>
> This Court has explained that in a summary judgment hearing, the burden of producing evidence in support of, or in opposition to, the motion is a function

of Mississippi rules regarding the burden of proof at trial on the issues in question. The movant bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to judgment as a matter of law. The movant bears the burden of production if, at trial, he would bear the burden of proof on the issue raised. In other words, the movant only bears the burden of production where [he] would bear the burden of proof at trial. Furthermore, summary judgment is appropriate when the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial.

(Internal citations and quotations omitted).

¶29. Here, in the complaint, the plaintiffs claimed that two of the signatories of the 1933 deed were minors at the time the deed was signed. Based upon the minority of these two signatories, Bray concludes that the deed is void. Thus, the essence of the claim is whether the 1933 deed is void.

¶30. In the Opinion and Order, the chancellor considered the issues as follows:

It was determined that the ten (10) people who signed one of the deeds in question were the heirs at law of Frank Wooten, Jr. Plaintiff's discovery responses contained a "Deed Index," which purports to be a list of patents, deeds, deeds of trust, and other pertinent instruments relating to a portion of the property. This Deed Index does not contain any renunciations by any person listed as an heir at law of Frank Wooten, Jr. who signed the deed.

Plaintiffs further contend that the deed of 1933 is "void ab initio" because some of the heirs at law who signed were minors. In *Harvey,* the Supreme Court recognized the status of the law regarding a minor's signature on a deed:

As to White's half interest, the conveyance from Compton carried only a formal paper title, as distinguished from the real title. This mere formal title might, or might not, ripen into a perfect one. If the heirs or vendees of White should assert no claim within ten years from Briggs' acquisition of this formal deed, and if Briggs should [enter upon and take] exclusive

10

> possession of the whole tract of land, and should openly and notoriously assert title to the whole place, without interruption from any source, then it would appear that, after the expiration of the ten years, he would have acquired a perfect title to White's half interest, as well as the Graves half interest.

*Harvey v. Briggs*, 68 Miss. 60, 8 So. 274, 276 (1890).

In *Harvey*, after two minors conveyed property to a third party, along with their parents, the minor children died. A dis-affirmance was filed by the brother of the deceased minors prior to the expiration of the ten (10) year adverse possession requirement. Based on this holding in *Harvey*, a renunciation by the minors[] must be filed to have the 1933 deed be declared "void ab initio." Further, the court is of the opinion that the dis-affirmance would have to be filed at the election of any minor.

In the present case, no renunciation has been made. This determination is based on the answers to interrogatories and the information contained in the Deed Index. Further, no suit has been filed to oust or eject the movants or quiet title within ten (10) years after the minors turned twenty-one (21) years of age. There has been no contest to the use of the land at all during the relevant years.

Since no renunciation of the 1933 deed has been made before this court, the "mere formal title" conveyed by the 1933 deed by the minor children has ripened into "perfect title." As such, the assertion that the 1933 deed is "void ab initio" has not been established and perfect title to said property of the movants now exists.

To fully determine whether there is a genuine issue of material fact that exists in this case, this court must look to the burden of proof required by the plaintiff in order to sustain the action. In *Culbertson*, the Mississippi Supreme Court held, "the complainant in a bill to remove clouds and establish title to land has the burden of showing perfect title in himself." *Culbertson vs. Dixie Oil Co.*, 467 So. 2d 952, 954 (Miss. 1985) (citing *Nicholson vs. Myres*, 170 Miss. 441, 154 So. 282 (1934)). "It is an elementary proposition of law that in a cloud suit the complainant has the burden of proving his title and may not rely on the weakness of this adversary's title." *Id.* at 954-55 (citations omitted). Plaintiffs['] main claim is that "they are an heir at law" and because the 1933 deed was signed by as least two minors, they should prevail.

11

Plaintiffs in this matter have an affirmative duty to show that a renunciation of the signatures of the minors has occurred. They have failed to meet their burden of proof to establish perfect title in themselves. The renunciation in this case would have been directed at Pearl Wooten as all ten (10) children (heirs at law of Frank Wooten, Jr.) conveyed their interest to Pearl in 1933. They had until 1948 to file a renunciation, but in 1948, Pearl Wooten still owned all of the property that was conveyed to her in 1933. Without the aforementioned renunciations, perfect title cannot be established in the Plaintiffs as a matter of law.

The Plaintiffs also must overcome a second challenge. In order to perfect title in themselves, they are required to overcome the doctrine of adverse possession. The Deed Index provided by Plaintiffs show no renunciation, no deed to Plaintiffs, no deed of trust given by Plaintiffs, no mineral leases executed by Plaintiff, no exercise of control over the lands of the Movants, no possession of the property by the Plaintiffs, and no other action of the Plaintiffs in derogation of the ownership exercised by the Movants.

As a result of the above and foregoing, there is no genuine issue of material fact. Further, Plaintiffs have been unable to make out a prima facie case that they are entitled to relief in this matter. The court must even question the [P]laintiffs standing to bring this matter. Therefore, no genuine issue of material fact exists, and the complaint in this matter should be dismissed as a matter of law. Summary judgment in this matter is proper and should be granted.

¶31. We include this long recitation from the chancellor's opinion because, after our de novo review, we conclude that the chancellor was correct in his analysis. To prevail, Bray bears the burden of proof to establish that one or more of the minor children, who signed the 1933 deed, filed a renunciation of their signature. The chancellor found no such renunciation, and we find no evidence in the record that would support such renunciation. As a result, Bray cannot and will not meet the burden of proof at trial. Therefore, we conclude that there is no genuine issue of a material fact, and a judgment as a matter of law

12

was appropriate.  We affirm the chancellor's grant of summary judgment.

¶32.    **AFFIRMED.**

     **LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**