# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CA-00650-COA

**DEBRA HOGAN AND DAVID HOGAN**                    **APPELLANTS**

**v.**

**HATTIESBURG CLINIC, P.A.**                                   **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/30/2023 |
| TRIAL JUDGE: | HON. FORREST A. JOHNSON JR. |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | MARY LEE HOLMES |
| | PAUL HARDIN HOLMES |
| | MARCUS ALAN McLELLAND |
| ATTORNEYS FOR APPELLEE: | J. ROBERT RAMSAY |
| | ROMNEY HASTINGS ENTREKIN |
| | PEELER GRAYSON LACEY JR. |
| | BENJAMIN BLUE MORGAN |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 11/21/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., McDONALD AND SMITH, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     Debra and David Hogan filed a medical-malpractice suit with the Forrest County

Circuit Court against Dr. Charles Brent, South Mississippi Neurological Services PLLC, and

Hattiesburg Clinic P.A.[1] after Debra suffered serious medical complications following a brain

biopsy Dr. Brent performed.  Relevant to this appeal is the Hogans' allegation that Dr. John

Hrom with Hattiesburg Clinic breached the standard of care by encouraging Debra to have

---

[1] Forrest General Hospital was initially named as a defendant but was later dismissed
from the suit.

the brain biopsy before seeking a second opinion.

¶2.    Hattiesburg Clinic filed a motion for summary judgment. The day before the hearing on the motion, the Hogans moved for a continuance under Mississippi Rule of Civil Procedure 56(f), seeking additional time to conduct discovery and obtain expert witness reports. Concluding that the Hogans could not establish causation, the circuit court judge denied the Hogans' Rule 56(f) motion and granted the clinic's motion for summary judgment. The Hogans appeal the court's denial of their Rule 56(f) motion. We find no error and affirm.

### FACTS AND PROCEDURAL HISTORY

¶3.    While hospitalized at Forrest General Hospital on November 26-30, 2018,[2] Debra Hogan underwent multiple radiological imaging (MRI) studies that revealed the presence of two potentially cancerous lesions in her brain. Based on the MRI results, neurosurgeon Dr. Charles Brent was consulted, and Debra was started on dexamethasone, a corticosteroid. Dr. Brent immediately planned to perform a craniotomy and brain biopsy, but the procedure was postponed to allow for an excisional biopsy of a lymph node in Debra's right medial groin. The lymph-node biopsy, performed by Dr. Orlando Andy, indicated a "B-cell non-Hodgkin's lymphoma, grade I follicular lymphoma." Debra was discharged from Forrest General Hospital with instructions to follow up with neurosurgery and oncology.

_____

[2] Debra was admitted with complaints of gastrointestinal distress, lethargy, slurred speech, nausea, vomiting, anorexia, dizziness, and weakness.

2

¶4.    On December 4, 2018, Debra was seen by oncologist Dr. John Hrom with Hattiesburg Clinic, who reviewed her imaging studies and pathology report. Concerned that the brain lesions represented a second primary cancer, Dr. Hrom recommended that Debra have the brain biopsy. The Hogans expressed interest in getting a second opinion from M.D. Anderson in Houston, Texas. Dr. Hrom advised the Hogans to get an initial medical opinion based on the biopsy results first; then, based on the results, he would refer them to M.D. Anderson if they so desired. The Hogans agreed and scheduled the biopsy with Dr. Brent for December 7. Debra unfortunately suffered "an acute ischemic event" during the procedure, which resulted in "right hemiparesis" and required her to receive neurological rehabilitation therapy.

¶5.    The Hogans filed a medical negligence action against Dr. Brent, South Mississippi Neurological Services, and Hattiesburg Clinic on January 22, 2021. Hattiesburg Clinic filed a motion to dismiss the complaint, asserting that the Hogans had not "identified a treating physician or alleged with *any specificity*, any purported deviation from the standard of care by Hattiesburg Clinic, P.A., or any of its member physicians."[3]  Hattiesburg Clinic also propounded written discovery to the plaintiffs. The Hogans moved to amend their complaint,

---

[3] Although the Hogans attached a certificate of compliance with the pre-suit consultation, *see* Miss. Code Ann. § 11-1-58(1) (Rev. 2019) (requiring plaintiff to consult a qualified expert before instituting an action for medical malpractice), it merely contained a summary statement that the attorney had "consulted with at least one (1) qualified expert." The complaint did not contain any allegations of negligence against Dr. Hrom or Hattiesburg Clinic, and this notice did not indicate that any expert was ever consulted regarding their alleged negligence.

which the circuit court granted. The court noted in the order that the Hogans' responses to the interrogatories contained "objections rather than . . . substantive responses."

¶6. The Hogans filed their amended complaint on September 25, 2021, alleging that Dr. Hrom and Dr. Brent "instilled fear and a false sense of urgency which deprived Debra of her patient autonomy to make decisions about her own care" and "failed and refused to investigate and examine [Debra's] condition with a pre op MRI, CT, pre op physical exam, or even consider a lesser intrusive method such as fine needle aspiration." The Hogans also propounded interrogatories to Hattiesburg Clinic. The Hogans supplemented their responses to the clinic's interrogatories on October 20, 2021.

¶7. Hattiesburg Clinic served a second set of interrogatories on the Hogans on December 16, 2021. By agreement, the Hogans were granted an extension of time until January 28, 2022. One day before the time to respond had expired, the Hogans filed a motion seeking an additional thirty days to answer the second set of interrogatories because the Hogans' medical expert "passed away unexpectedly." However, the Hogans never designated a new medical expert in response to the interrogatories.

¶8. On March 3, 2022, Hattiesburg Clinic filed a motion for summary judgment, arguing that the Hogans "have wholly failed to provide any expert witness(es) or expert opinion(s) setting forth the required standard of care that Dr. Hrom owed to Debra Hogan, or how Dr. Hrom deviated from the standard of care." The day before the scheduled hearing on the summary judgment motion, the Hogans filed a Rule 56(f) motion, seeking "a continuance of

4

such dispositive motions until discovery is completed." The Hogans also filed an affidavit by Dr. Phillip Jay Beron, a board-certified radiation oncologist. Dr. Beron opined the Dr. Hrom's "making the decision to immediately proceed with a craniotomy and brain tissue biopsy, while discouraging the Hogans [from] their expressed wishes for a second opinion, was a deviation from the standard of care of a reasonably competent and prudent oncologist."

¶9. The motions hearing was held on March 28, 2022. The circuit court judge granted the motion for summary judgment, noting that "[c]ausation is a very big problem." On April 4, 2022, the circuit court dismissed Hattiesburg Clinic as a defendant, finding:

> Having reviewed the factual affidavit of Dr. John S. Hrom, a physician member employee of the Hattiesburg Clinic, P.A., and the affidavit of Plaintiffs' retained expert, Dr. Phillip J. Beron, it . . . appears that Plaintiffs' expert, Dr. Phillip J. Beron, has opined that Dr. Hrom deviated from the standard of care in allegedly discouraging a second opinion at the time of his clinical assessment of Mrs. Hogan on December 4, 2018. However, the affidavit is silent as to how that alleged deviation caused injury or damages to the Plaintiffs. Based upon this Court's review of all the pleadings, it is undisputed that Ms. Hogan was admitted to Forrest General Hospital to the service of Dr. Charles Brent, her neurological surgeon, who performed a craniotomy and brain tissue biopsy(s), and that Dr. Hrom did not participate in any manner with regard to preoperative testing/imaging and/or the surgical procedure(s) performed by Dr. Charles Brent.

The Hogans filed a motion for reconsideration on April 14, 2022, which included a newly acquired expert opinion by Dr. Chad Michael Domangue. The circuit court denied the motion to reconsider without a hearing, finding that "[t]here is simply no genuine issue of causation against the defendant Hattiesburg Clinic and little likelihood of being developed

5

with further time and discovery."[4]

## DISCUSSION

¶10. The Hogans appeal the court's denial of their motion made pursuant to Mississippi Rule of Civil Procedure 56(f). "The trial court's denial of a Rule 56(f) motion is reviewed for abuse of discretion." *Stanley v. Scott Petroleum Corp.*, 184 So. 3d 940, 942 (¶5) (Miss. 2016). Rule 56(f) "protects against improvident or premature grants of summary judgment and is to be applied liberally." *Id*. (citing *Owens v. Thomae*, 759 So. 2d 1117, 1121 (¶17) (Miss. 1999)). However, as the Mississippi Supreme Court held in *Prescott v. Leaf River Forest Prods. Inc.*, 740 So. 2d 301, 308 (¶13) (Miss. 1999), "[t]he party opposing summary judgment may not rely on vague assertions that discovery will produce needed, but unspecified, facts[.]" Rather, the party "must *specifically* demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Id*. (emphasis added).

¶11. We find that the circuit court did not err by denying the Hogans' Rule 56(f) motion.

---

[4] The circuit court's April 2022 order granting summary judgment and dismissing Hattiesburg Clinic from the case did not dispose of the Hogans' claims against Dr. Brent or South Mississippi Neurological Services. The court's order also did not cite Rule 54(b) or purport to certify the judgment as final. *See LaFontaine v. Holliday*, 110 So. 3d 785, 787 (¶8) (Miss. 2013) (noting a judgment is only final when it "adjudicates the merits of the controversy and settles all issues *between all parties*"). However, the circuit court subsequently entered an amended judgment on May 30, 2023, stating, "The Court further finds that, in accordance with Mississippi Rule of Civil Procedure 54(b), there is no just reason for delay of an appeal of this Order and hereby certifies this Order as a final judgment pursuant to Rule 54(b)." We therefore have jurisdiction to address the merits of the appeal.

"Proximate causation is an essential ingredient of a claim of medical negligence." *Cavalier v. Mem'l Hosp. at Gulfport*, 253 So. 3d 288, 293 (¶17) (Miss. 2018). As a general rule,[5] "the plaintiff must demonstrate through medical-expert testimony that the alleged breach was the proximate cause or the proximate contributing cause of the alleged injuries." *Smith v. Hardy Wilson Mem'l Hosp.*, 300 So. 3d 991, 997 (¶16) (Miss. 2020) (citing *Norman v. Anderson Reg'l Med. Ctr.*, 262 So. 3d 520, 523-24 (¶12) (Miss. 2019)).

¶12. The Hogans' Rule 56(f) motion made no mention regarding a need to obtain additional expert opinions; it merely asserted that the Hogans needed to obtain documentation from Hattiesburg Clinic and to conduct depositions from parties to the complaint. They did file a contemporaneous expert witness affidavit with their motion, but Dr. Beron's affidavit did not state that the craniotomy and brain biopsy were unnecessary. He merely opined that Dr. Hrom should have encouraged the Hogans to seek a second opinion due to the "the serious risk involved with conducting" these procedures.[6] The discharge notes from November 30, 2018, indicate that a brain biopsy had been planned, but it was postponed for the lymph node biopsy. Five days later, Dr. Hrom recommended that Debra proceed with the brain biopsy with Dr. Brent to obtain an initial diagnosis. Thus, we

---

[5] We recognize there is an exception when "lay testimony is sufficient to establish only those things that are purely factual in nature or thought to be in the common knowledge of laymen." *Smith*, 300 So. 3d at 997 n.4 (quoting *Hubbard v. Wansley*, 954 So. 2d 951, 961 (¶29) (Miss. 2007)).

[6] We note that the Hogans' amended complaint states that they were aware when they consulted Dr. Hrom that the biopsy was "a risky and invasive surgery," which is why they suggested getting a second opinion.

agree with the circuit court that Dr. Beron's affidavit accompanying the Rule 56(f) motion was "silent as to how that alleged deviation [by Dr. Hrom] *caused* injury or damages to the [Hogans]," especially considering "*that Dr. Hrom did not participate in any manner with regard to preoperative testing/imaging and/or the surgical procedure(s) performed by Dr. Charles Brent.*" (Emphasis added). *See, e.g.*, *Eckman v. Moore*, 876 So. 2d 975, 982 (¶18) (Miss. 2004) ("Negligence which merely furnishes the condition or occasion upon which injuries are received, but does not put in motion the agency by or through which the injuries are inflicted, is not the proximate cause thereof." (quoting *Miss. City Lines v. Bullock*, 194 Miss. 630, 639, 13 So. 2d 34, 36 (1943))).

¶13. The Hogans also failed to demonstrate with any specificity how further expert opinion would have established that Dr. Hrom's alleged breach proximately caused the injuries suffered by Debra. The circuit court judge best summarized the problem with the Rule 56(f) motion at the hearing, reasoning:

> Now, the plaintiff asked to conduct more discovery or to conduct discovery and develop their theories. That's not the way a malpractice case works. . . You don't get in and develop a theory through discovery and then hope you can get an expert to tie into that theory. It takes medical expert testimony to do this . . . . You know, this is one where you've got the medical records. What's missing and what's needed is a medical expert opinion that what this doctor did was not only negligent but that that proximately caused the injuries wherein between those two points you've got Dr. Brent with whatever he did or didn't do, which the plaintiff is claiming he was negligent in performing this craniotomy biopsy so -- and what I'm looking for or was looking for in this motion, 56(f) motion, was something about experts, and I just -- I don't see how that hurdle can be overcome. I really honestly don't. And what I see is let us do discovery, and we can develop those theories.

8

*See Howarth v. M & H Ventures LLC*, 237 So. 3d 107, 114 (¶¶17, 19) (Miss. 2017) (finding no abuse of discretion in trial court's denial of Rule 56(f) motion because the plaintiffs "point to no additional evidence they could have discovered that could have assisted them in pursuing their claim"). Accordingly, we affirm the circuit court's denial of the Rule 56(f) motion.

¶14. **AFFIRMED.**

**WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR. McCARTY, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, P.J., NOT PARTICIPATING.**